[Cite as *State v. Horvath*, 2015-Ohio-4729.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  13-15-10

    v.

DANIEL E. HORVATH,                     O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. CRB1401162

Judgment Reversed and Cause Remanded

Date of Decision:  November 16, 2015

APPEARANCES:

    *Michael D. Weikle*  for Appellant

    *Richard H. Palau*  for Appellee

**ROGERS, P.J.**

{¶1} Defendant-Appellant, Daniel Horvath, appeals the judgment of the Tiffin-Fostoria Municipal Court convicting him of one count of theft. On appeal, Horvath argues that the trial court erred by: (1) finding him guilty in absence of an explanation of circumstances as required under R.C. 2937.07; (2) violating his right to a speedy trial; and (3) denying his motion to suppress alleged hearsay testimony. For the reasons set forth herein, we reverse the judgment of the trial court.

{¶2} On September 9, 2014, a criminal complaint was filed against Horvath alleging one count of theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. On September 12, 2014, Horvath entered a plea of not guilty.

{¶3} On October 20, 2014, Horvath moved for an extension of time to file pre-trial motions, and a hearing was held on October 31, 2014. At the hearing, the trial court stated that it would grant Horvath's request so long as he waived his right to a speedy trial. Horvath complied, and his request for an extension was granted.

{¶4} On November 10, 2014, Horvath moved to suppress, inter alia, alleged hearsay statements and photographic evidence. A hearing was held on January 19, 2015, where the following testimony was heard:

{¶5} Officer Douglas Skornicka of the Tiffin Police Department testified that on June 30, 2014 he spoke with Alicia Burnat regarding a complaint that her wallet had been stolen. Officer Skornicka stated that on June 28, 2014, Ms. Burnat visited a local Wal-Mart in Tiffin, Ohio to purchase supplies for a camping trip. After paying for the supplies, Ms. Burnat left her shopping cart near the store's entrance. Unbeknownst to Ms. Burnat, her wallet, containing her driver's license and $180.00, remained in the cart's upper basket. According to Officer Skornicka, Ms. Burnat was told by a Wal-Mart employee that a man, later identified as Horvath, had used the shopping cart immediately after her. Officer Skornicka testified that he reviewed Wal-Mart's security footage and obtained three still photographs depicting Horvath entering the store, retrieving a shopping cart, and leaving the premise. Officer Skornicka added that Wal-Mart had inadvertently destroyed the security footage prior to issuing a copy to the Tiffin Police Department. Officer Skornicka further testified that he spoke with Horvath regarding the alleged theft and that Horvath had admitted to leaving the premise with Ms. Burnat's wallet.

{¶6} At the suppression hearing, Horvath argued, inter alia, that all testimony and photographic evidence concerning the contents of the unavailable security footage was hearsay and subject to exclusion under the Ohio Rules of

Evidence. Upon the conclusion of the testimony, the trial court denied Horvath's motion.

{¶7} In the interim, the State moved to amend the complaint. Specifically, the State sought to clarify the extent of the alleged stolen property. By way of Entry dated February 9, 2015, the trial court granted the State's motion, noting that the charge of theft was limited to a "dark blue butterfly wallet." (Docket No. 58).

{¶8} On February 23, 2015, Horvath moved to dismiss the case on speedy trial grounds. Specifically, Horvath argued that his earlier waiver was invalid because the trial court improperly required a waiver of speedy trial as a condition precedent to granting his request for an extension of time. At a hearing held later that day, the trial court denied Horvath's motion.

{¶9} Immediately thereafter, Horvath entered a plea of no contest. After accepting Horvath's plea, the trial court stated that "[b]ased on an earlier review of the complaint and [Horvath's] plea of no contest there will be a finding of guilty." Feb. 23 Hrg., p. 8. The case proceeded immediately to sentencing where the trial court imposed a 30-day suspended jail sentence, a $250.00 fine, and a one year period of community control. The trial court furthered ordered Horvath to pay restitution to Ms. Burnat in the amount of $205.00.

{¶10} It is from this judgment that Horvath appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THE DEFENDANT GUILTY AFTER DEFENDANT'S VERBAL ENTRY OF A PLEA OF NO CONTEST WITHOUT FIRST HAVING THE STATE READ INTO THE RECORD AN EXPLANATION OF THE FACTS AND CIRCUMSTANCES SUPPORTING ALL OF THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED AS REQUIRED UNDER OHIO REVISED CODE SECTION 2937.07.**

*Assignment of Error No. II*

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR DENYING THE DEFENDANT'S SPEEDY TRIAL MOTION WHEN THE DEFENDANT'S WAIVER OF HIS SPEEDY TRIAL WAS INVALID; AND THE RECORD IS NOT CLEAR AS TO THE TRIAL COURT'S BASIS FOR DENYING THE MOTION BECAUSE NO FINDINGS WERE MADE BY THE TRIAL COURT AND THE STATE FAILED TO MEET ITS BURDEN TO ESTABLISH SUFFICIENT SPEEDY TRIAL DAYS HAD BEEN TOLLED TO BRING THE HEARING WITHIN THE SPEEDY TRIAL DATE AFTER THE DEFENDANT PRESENTED A PRIMA FACIE CASE FOR DISCHARGE.**

*Assignment of Error No. III*

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS ALL TESTIMONY REGARDING THE CONTENTS OF A JUNE 28, 2014 WAL-MART SURVEILLANCE VIDEO RECORDING WHEN THE STATE FAILED TO OBTAIN A COPY OF THE VIDEO BEFORE IT WAS DESTROYED (RECORDED OVER) BY WAL-MART IN THE NORMAL COURSE OF ITS VIDEO SURVEILLANCE OPERATIONS AND THERE WAS NO EYEWITNESS TO THE CRIME CHARGED OR THE EVENTS RECORDED.**

*Assignment of Error No. I*

**{¶11}** In his first assignment of error, Horvath argues that the trial court erred in making a finding of guilt in absence of an explanation of circumstances pursuant to R.C. 2937.07. We agree.

**{¶12}** R.C. 2937.07 provides, in pertinent part, "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." An explanation of circumstances is found where the record includes a statement of the facts sufficient to support all of the essential elements of the offense. *State v. Provino*, 175 Ohio App.3d 283, 2007-Ohio-6974, ¶ 5 (3d Dist.); *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148 (1984). "This rule prevents the trial court from finding offenders guilty in a 'perfunctory fashion.' " *Provino* at ¶ 5. When a trial court makes a finding of guilt in the absence of an explanation of circumstances, the plea must be vacated. *Bowers* at 151.

**{¶13}** Here, Horvath was charged with one count of theft in violation of R.C. 2913.02(A)(1), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent."

{¶14} The amended complaint set forth the following facts:

[Horvath] at 2801 W. Sr. 18, Tiffin, Ohio on or about 6/28/2014 did, with purpose to deprive Alicia Burnat, the owner, of her property, did knowingly obtain and exert control over said property to wit: a dark blue butterfly wallet, without the consent of Alicia Burnat, the owner, or person authorized to give consent.

On 6/30/14 the Tiffin P.D. was advised of a theft complaint which occurred on 6/28/14 at Walmart located at 2801 W. Sr. 18, Seneca County, Ohio. The victim, Alicia Burnat, had already consulted with Walmart management and the security footage was reviewed. [Ms. Burnat] stated that after making a purchase at the register, she pushed her cart and left it with other shopping carts between the entrance doors. In doing so, she left her wallet behind in the shopping cart. [Officer Skornicka] later reviewed the video footage with management which confirmed this incident. The video footage also showed a male, later identified as [Horvath], entering the store after [Ms. Burnat] and taking possession of the same shopping cart. No one else prior to this time had come into contact with the shopping cart and wallet. The cart was pushed through the store while [Horvath] shopped. When [Horvath] checked out, the wallet was no longer in the cart. During an interview, a verbal admission to taking possession to the wallet and exiting Walmart was given by [Horvath]. [Horvath] returned the wallet to [Officer Skornicka]. [Ms. Burnat] identified the wallet as hers. The $180 and [Ms. Burnat's] driver's license were not recovered.

(Docket No. 1). Ultimately, Horvath pleaded no contest, and the trial court found him guilty. In doing so, the trial court relied solely on "[its] previous review of Officer Skornicka's report in the face of the complaint and [Horvath's] plea[] of no contest." Feb. 23, 2015 Hrg., p. 8.

{¶15} The trial court's basis for its finding of guilt presents two problems. First, the record is silent as to any explanation of circumstances sufficient to find

Horvath guilty of theft. Neither the State nor the trial court stated on the record an explanation of the facts supporting each essential element of the offense as required under R.C. 2937.07. Although the trial court indicated that it was relying, in part, on its earlier review of the complaint, such measures are insufficient to satisfy the statutorily required explanation of circumstances. *See Bowers,* 9 Ohio St.3d at 151. Rather, the complaint must be read into the record. *Id.*

{¶16} The State argues that the trial court had more than sufficient knowledge of the circumstances from which to render a finding of guilty based on the testimony elicited from Officer Skornicka at the earlier suppression hearing. We find this argument unpersuasive. *See City of Cleveland v. Paramount Land Holdings, LLC*, 8th Dist. Cuyahoga No. 95448, 2011-Ohio-3383, ¶ 23 (an explanation of circumstances is not satisfied by a presumption that the [trial] court was aware of facts); *State v. Keplinger*, 2nd Dist. Greene No. 98-CA-24, 1998 WL 864837, *2 (Nov. 13, 1998) (an explanation of circumstances requires, at a minimum, some positive recitation of facts). The relevant inquiry is not whether the trial court *could have* rendered a sufficient explanation of circumstances based on its knowledge of the case but whether the trial court *actually made* the necessary explanation in this instance. *Bowers* at 151. Here, the trial court did not.

{¶17} Second, Horvath's plea of no contest—in and of itself—is an improper basis for a finding of guilt. Although Crim.R. 11 provides that a plea of no contest is an admission of the truth of the facts in the complaint, R.C. 2937.07 provides a criminal defendant with the substantive right to require of the trial court an explanation of circumstances following a plea of no contest. As such, R.C. 2937.07 supersedes Crim.R. 11. *Bowers* at 151. In considering Horvath's plea of no contest as a basis for its finding of guilt, the trial court erred.

{¶18} Under R.C. 2937.07, when a plea of no contest is accepted in a misdemeanor case, the explanation of circumstances serves as the evidence upon which the trial court is to base its finding of guilty or not guilty. Here, the evidence was insufficient to support Horvath's conviction. When a conviction is reversed due to insufficient evidence, jeopardy attaches, and a remand for a new determination of guilt or innocence is prohibited by the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. *State v. Kareski*, 137 Ohio St.3d 92, 2013-Ohio-4008, ¶ 14, citing *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

{¶19} Based on the foregoing, we find that the trial court erred in finding Horvath guilty in absence of an explanation of the circumstances pursuant to R.C. 2937.07. Accordingly, we sustain Horvath's first assignment of error.

Case No. 13-15-10

*Assignment of Error Nos. II & III*

**{¶20}** In view of our disposition of Horvath's First Assignment of Error, his remaining assignments of error are rendered moot and need not be considered. App.R. 12(A)(1)(c).

**{¶21}** Having found error prejudicial to Horvath, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

***Judgment Reversed and***
***Cause Remanded***

**WILLAMOWSKI, J., concurs.**
**SHAW, J., dissents.**

**/jlr**