[Cite as *State v. Jenkins*, 2016-Ohio-1428.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,

CASE NO. 5-15-21

v.

MICHAEL JENKINS,

**O P I N I O N**

     DEFENDANT-APPELLANT.

---

STATE OF OHIO,

     PLAINTIFF-APPELLEE,

CASE NO. 5-15-22

v.

MICHAEL JENKINS,

**O P I N I O N**

     DEFENDANT-APPELLANT.

---

STATE OF OHIO,

     PLAINTIFF-APPELLEE,

CASE NO. 5-15-23

v.

MICHAEL JENKINS,

**O P I N I O N**

     DEFENDANT-APPELLANT.

**Appeals from Findlay Municipal Court**
**Trial Court Nos. 15-CRB-0365, 15-CRB-00366 and 15-CRB-00367**

**Judgments Reversed**

**Date of Decisions:  April 4, 2016**

APPEARANCES:

    *Howard A. Elliot* **for Appellant**

    *Stephanie Wykes* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} In this consolidated appeal, Defendant-appellant, Michael Jenkins ("Jenkins"), appeals the judgments of the Findlay Municipal Court, Criminal Division, Hancock County, Ohio, which found him guilty of three offenses of petty theft upon his entry of no contest pleas to each of the three charges.  For the reasons that follow, we reverse the trial court's judgments.

*Factual and Procedural Background*

{¶2} On March 17, 2015, three cases were filed against Jenkins in the Findlay Municipal Court.  In each of the three cases Jenkins was charged with petty theft, a misdemeanor of the first degree in violation of R.C. 2913.02(A)(1), for his involvement in three theft incidents at a Kroger store in Findlay, Ohio, committed on January 4, 2015 (case number 15CRB00365), January 16, 2015 (case number 15CRB00366), and January 20, 2015 (case number 15CRB00367).

He appeared in court on May 20, 2015, without counsel, and entered a plea of no contest to all charges. The trial court found Jenkins guilty of all three offenses. It sentenced Jenkins to a suspended sentence of 180 days in jail in case number 15CRB00365, and restitution in the amount of $690.00. Similarly, in case number 15CRB00366, the trial court ordered a suspended sentence of 180 days in jail, with $760.81 in restitution. While the sentence in case number 15CRB00367 was also for 180 days in jail, the trial court ordered these days to be served. All three sentences were to run consecutively.

{¶3} Jenkins filed a timely notice of appeal and alleges three assignments of error for our review, as quoted below.

### Assignments of Error

1. The trial court erred when they [sic] found the Appellant guilty after a no contest plea, when it failed to adequately explain the effect of said plea as required by Criminal Rule 11 (B).

2. The trial court erred in finding the Appellant guilty after a no contest plea where the state in its explanation of the facts in the cases provided only a brief summary of the police report.

3. The trial court erred in imposing restitution upon the Defendant after conviction on a no contest plea without having first advised the Appellant that restitution was a potential consequence of his conviction.

### Analysis

{¶4} We start by addressing the second assignment of error. Jenkins argues that the facts provided by the State were insufficient to support a conviction upon a no contest plea. We review de novo the legal question of sufficiency of evidence

in a finding of guilt on a no contest plea to a misdemeanor. *State v. Erskine*, 2015-Ohio-710, 29 N.E.3d 272, 276, ¶ 10 (4th Dist.); *see State v. Jackson*, 2015-Ohio-2473, 38 N.E.3d 407, ¶ 41 (9th Dist.), citing *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). We start by reviewing the standard for conducting proceedings upon a no contest plea.

*Legal Standard for Finding of Guilt upon a No Contest Plea to a Misdemeanor*

**{¶5}** Upon entering a plea of no contest to a misdemeanor, the accused stipulates "that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." R.C. 2937.07; *State v. Myers*, 3d Dist. Marion No. 9-02-64, 9-02-66, 2003-Ohio-2936 ¶ 15, quoting R.C. 2937.07. Although a plea of no contest is " 'an admission of the truth of the facts alleged in the indictment, information, or complaint,' " the plea by itself "may not be the basis for a finding of guilty without an explanation of circumstances." *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150, 459 N.E.2d 532 (1984), quoting Crim.R. 11(B)(2); *accord* R.C. 2937.07. Rather, the state has to provide an "explanation of circumstances" sufficient for the trial court to make the finding of guilty. *Bowers* at 150; R.C. 2937.07.

**{¶6}** In order to be sufficient, the explanation of circumstances must support all the essential elements of the alleged offense. *See Bowers* at 150. While no specific form for the explanation of circumstances is prescribed, it must involve " 'at a minimum, some positive recitation of facts which, if the court finds

them to be true, would permit the court to enter a guilty verdict * * * .' " *State v. Schornak*, 2d Dist. Greene No. 2014-CA-59, 2015-Ohio-3383, ¶ 10, quoting *State v. Keplinger*, 2nd Dist. Greene No. 98-CA-24, 1998 WL 864837, *3 (Nov. 13, 1998). "This rule prevents the trial court from finding offenders guilty "in a perfunctory fashion.' " *State v. Provino*, 175 Ohio App.3d 283, 2007-Ohio-6974, 886 N.E.2d 888, ¶ 5 (3d Dist.), quoting *City of Broadview Hts. v. Krueger*, 8th Dist. Cuyahoga No. 88998, 2007-Ohio-5337, ¶ 10; *accord Bowers* at 151.

{¶7} Although it is the state's burden "to ensure that an explanation of circumstances appears on the record," the explanation can be provided in other ways than reciting the facts by the prosecution. *Schornak* at ¶ 8 ("it is immaterial who actually states the explanation on the record"); *see also Bowers* at 151 (recognizing that the requirement was satisfied when the court "look[ed] to the complaint and the officer's notes on the back of the complaint" and "read the complaint and notes into the record"), citing *State v. Herman*, 31 Ohio App.2d 134, 140, 286 N.E.2d 296 (6th Dist.1971); *State v. Kindle*, 3d Dist. Hancock No. 5-02-21, 2003-Ohio-302, ¶ 5 ("a court may make its finding of guilt from the explanation of circumstances by the State, whether the factual matters are contained in a statement of facts or other evidence presented to and reviewed by the court"). But it is not enough that sufficient facts appear somewhere in the available documentation. *Bowers* at 151; *see also Schornak* at ¶ 10 ("The explanation of circumstances requirement 'is not satisfied by a presumption that the court was aware of facts which may be gleaned from a review of "the available

documentation." ' "), quoting *Keplinger*, at \*2 (Nov. 13, 1998), *and Bowers* at 151.  Rather, the record must " 'affirmatively demonstrate that a sufficient explanation of circumstances was made.' " *Schornak* at ¶ 8, quoting *Keplinger* at \*2.  Accordingly, the Ohio Supreme Court reversed a conviction in *Bowers*, where "the record [was] silent as to whether the court based its decision on the documentary evidence in the file or whether it made its finding of guilty in the 'perfunctory fashion.' " *Bowers* at 151.

{¶8} If the explanation of circumstances provided on the record does not establish all of the offense's elements, the defendant who pled no contest "has a substantive right to be discharged by a finding of not guilty." *Bowers* at 150.  It follows that if an appellate court finds that the explanation of circumstances requirement was not satisfied, the conviction must be vacated. *Id.* at 151.

*Elements of the Instant Offense*

{¶9} The offense with which Jenkins was charged required proof that Jenkins (a) knowingly obtained or exerted control over the property at issue, (b) with purpose to deprive the owner of property, (c) in any of the following ways:

> (1) Without the consent of the owner or person authorized to give consent;

> (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

> (3) By deception;

> (4) By threat;

> (5) By intimidation.

R.C. 2913.02.

At the hearing, the State indicated that the facts of the offenses were contained in a "rather lengthy report." (Tr. of Proceedings at 5, May 20, 2015.) The trial court suggested that the State "get it down to the specific facts in these cases." (*Id.*) Therefore, the State gave the following explanation of circumstances:

> The dates of the offenses are January 4, January 16 and January 20. The items on January 4 that were taken are candy ranging from all kinds of candy. * * * The 16th is also candy as well as laundry detergent. * * * Again lots of it. * * * And on January 20 it's again candy and laundry detergent. The total of the items on the 4th is $690 [worth of candy].
>
> * * *
>
> On January 16 it's $760.81 and on the 20th it's $1000. The basic facts of these are all very similar, Your Honor. The defendant goes into the store with a shopping cart or two and they're the flat shopping carts rather than the walled carts, if you will. * * * Throw all of these items and leave through the garden area, which doesn't have a camera.
>
> The Court:          Did someone watch them do this? I assume they followed him around?
>
> [The State:]          Correct. This scheme has been going on apparently at two different places and that's how they got onto it.
>
> The Court:          Did they catch the stuff and recover all of them at the time?
>
> [The State:]          I believe some of it might have been recovered but I know some of it was not as well. None of it was recovered, Your Honor.
>
> The Court:          None of it was recovered?

[The State:]        Correct.

The Court:        Okay, but they actually somehow identified Mr. Jenkins as the person that did all these things?

[The State:]        Yes, Your Honor.  We have pictures and a video of both the defendant and a co-defendant.

The Court:        Did they charge the co-defendant as well or just Mr. Jenkins?

[The State:]        Yes, they were both charged.

The Court:        What's the co-defendant's name?

[The State:]        I believe if I can read the writing, I'm sorry, there were two co-defendants, a Justin and then a Jordan Emmons, same last name.

The Court:        Okay.  Justin and Jordan Emmons.  Do we know if they've been to court yet on their cases or—

[The State:]        I don't, your honor.

The Court:        That's fine.  We can always check that out.

[The State:]        I know that these were originally charged as felonies and our office picked them up.

The Court:        Okay.  Well, it sounds like each incident was less than $1000 which is probably, I think misdemeanor is probably the right charge then.

(Tr. at 5-8.)

{¶10} Immediately after this discussion the trial court addressed Jenkins as follows:

Mr. Jenkins, based on that report they obviously saw you steal the stuff on each of these three occasions.  These were items worth $1000 or less in value so they do qualify as misdemeanors in the first

- 8 -

degree *and I have to find you then guilty* of petty theft in all three of those cases.  Anything you want to say about this stuff?

Mr. Jenkins:          Yes, Your Honor.  They actually didn't have very much on me.  They had two detectives come and see me in jail. * * * And I was to the point where it was time to start doing the right thing and I was very open and honest with those detectives and I pretty much told them exactly the whos, the whats, the wheres and the whens and I did the best I could as far as I could for what I have done. * * *

(Emphasis added.)  (Tr. at 8-9.)

{¶11} We note that when determining the sufficiency of the explanation of circumstances, we review only the statements made *before* the trial court addressed Jenkins and stated, that "based on that report they obviously saw you steal the stuff on each of these three occasions," and "I have to find you then guilty."  *See State v. Hess*, 3d Dist. Mercer No. 10-91-4, 1991 WL 271716, *3 (Dec. 13, 1991) (reversing a conviction where "the trial court failed to call for the required 'explanation of circumstances' *before* finding guilt") (emphasis added); *Schornak*, 2d Dist. No. 2014-CA-59, 2015-Ohio-3383, 41 N.E.3d 168, ¶ 8 (noting that the "State bears the burden to ensure that an explanation of circumstances appears on the record *before* a conviction is entered") (emphasis added). Therefore, we cannot consider the seeming admission by Jenkins that he was "very open and honest with those detectives and I pretty much told them exactly the whos, the whats, the wheres and the whens and I did the best I could as far as I could for what I have done."  (Tr. at 8-9.)

{¶12} We conclude that the explanation of circumstances given *before* the finding of guilty is insufficient to sustain the elements of the offense at issue. At no point did the State indicate that Jenkins removed the items from the store *without payment* or indicate that the items were "taken" from the store with the purpose to deprive. *See* R.C. 2913.02. It did not state that Jenkins obtained the items in one of the proscribed ways: without the consent or beyond the scope of consent of the owner, by deception, threat, or intimidation. The trial court commented, "based on that report they obviously saw you steal this stuff on each of these three occasions." (Tr. at 8.) At no point did the trial court indicate that it had read the report, however, and our record on appeal does not include the report to which the State and the trial court referred. Furthermore, the trial court did not indicate that it had reviewed the allegations in the complaint and it did not read the complaint into the record. Therefore, according to the record on appeal, the trial court's finding of guilt was made based solely on the explanation given by the State, as quoted above, which is insufficient to satisfy the statutory elements of theft.

{¶13} In this case, like in *Bowers*, "the record is silent as to whether the court based its decision on the documentary evidence in the file or whether it made its findings of guilty in the 'perfunctory fashion.' " *Bowers*, 9 Ohio St.3d at 151, 459 N.E.2d 532. Accordingly, we sustain the second assignment of error.

{¶14} Our disposition of the second assignment of error renders the first and third assignments of error moot, and we decline to address them. *See State v.*

- 10 -

Case Nos. 5-15-21, 5-15-22 and 5-15-23

*Hoerig*, 3d Dist. No. 13-08-39, 181 Ohio App.3d 86, 2009-Ohio-541, 907 N.E.2d 1238, ¶ 20; App.R. 12(A)(1)(c).

### *Conclusion*

**{¶15}** Having reviewed the arguments, the briefs, and the record in this case, we find error prejudicial to Appellant in the particulars assigned and argued. The judgments of the Findlay Municipal Court, Criminal Division, Hancock County, Ohio are therefore reversed.

### *Judgments Reversed*

**ROGERS, J. concurs**


**SHAW, P.J., dissents.**

**{¶16}** As recited in the majority opinion, the following information was set forth in the explanation of circumstances by the prosecutor and/or trial judge in the presence of the defendant in the courtroom: The values of the items "taken" out on flat carts via the garden area on each of the three dates, being $690, $760 and $1000, respectively; that this "scheme" had been going on at two different places and that is how the authorities got on to it; that none of the items were "recovered"; that the defendant was identified via video and pictures as the person that did all these things along with a co-defendant and that they were both "charged"; that these charges were originally "felonies"; but that because each incident was less than $1000, a misdemeanor was probably the right "charge".

- 11 -

{¶17} Whereupon - *and prior to any actual finding of guilt* - the trial judge directly addressed the defendant stating that "Mr. Jenkins based on that report they obviously saw you *steal* this stuff on each of these three occasions. These were items worth $1000 or less in value so they do qualify as misdemeanors in the first degree." (Emphasis added.)

{¶18} While the prosecution clearly could have done a better job corresponding its narrative to the precise language of R.C.2913.02, I respectfully disagree with the determination of the majority that the totality of the explanation of circumstances set forth in the record by the state and the trial court at this plea of no contest was insufficient to describe a theft offense, and thereby requires a not guilty finding and discharge of the defendant on these charges. I would affirm the decision of the trial court.

**/hls**