[Cite as *State v. Brown*, 2017-Ohio-678.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

WILLIAM C. BROWN,

    DEFENDANT-APPELLANT.

CASE NO. 9-16-37

O P I N I O N

Appeal from Marion Municipal Court
Trial Court No. TRC1509569A&B

Judgment Reversed and Cause Remanded

Date of Decision: February 27, 2017

APPEARANCES:

    *Cleve M. Johnson* for Appellant

    *Steven E. Chaffin* for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-appellant William C. Brown ("Brown") appeals the decision of the Marion Municipal Court finding the defendant guilty of operating a vehicle while impaired in violation of R.C. 4511.19(A). On appeal, Brown argues that the trial court erred by 1) striking his motion to suppress without a hearing, 2) striking his motion to suppress without ruling on his antecedent motion to compel discovery, 3) failing to give him a hearing on his administrative license suspension ("ALS"), and 4) failing to require the State to read the facts of the case into the record after he pled no contest. For the reasons set forth below, the judgment of the lower court is reversed.

{¶2} On November 25, 2015, Brown was charged under R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(d) for operating a vehicle while impaired. Doc. 1. At his arrest, Brown's license was subjected to an ALS in accordance with R.C. 4511.191.[1] The trial court set December 8, 2015, as the date for Brown's initial appearance. Doc. 3. On December 7, 2015, Brown submitted an entry of appearance in which he pled not guilty and appealed his ALS. Doc. 4. The trial court, however, did not rule on his request or hold a hearing on his appeal of the ALS.

---

[1] Brown's ALS expired on April 3, 2016, prior to his conviction. Doc. 22.

{¶3} On July 6, 2016, Brown pled no contest at his sentencing hearing. Tr. 4. The court found Brown guilty of violating R.C. 4511.19(A)(1)(d) but did not state which factual findings the court relied upon in reaching this determination. Tr. 4-5. The court also did not require the State to recite the facts of the case for the record. Tr. 4-5. As part of his sentence, Brown's license was suspended until November 25, 2018. Doc. 28. On appeal, Brown raises four assignments of error.

**First Assignment of Error**

**Striking [Brown's] motion to suppress without a hearing was error.**

**Second Assignment of Error**

**Striking [Brown's] motion to suppress without ruling on [Brown's] previously filed motion to compel discovery was error.**

**Third Assignment of Error**

**Failing to give [Brown] a hearing on his administrative license suspension was error.**

**Fourth Assignment of Error**

**The trial court committed reversible error in finding [Brown] guilty after [Brown's] verbal entry of a plea of no contest without first having the state read into the record an explanation of the facts and circumstances supporting all of the essential elements of the offense charged as required under Ohio Revised Code Section 2937.07.**

In the following analysis, the fourth and third assignments of error will be evaluated prior to consideration of the first and second assignments of error.

*Failure to Recite the Facts into the Record*

**{¶4}** In his fourth assignment of error, Brown argues that the absence, in the record, of an explanation of circumstances supporting the court's finding of guilt is reversible error. R.C. 2937.07 states, in pertinent part,

> **A plea to a misdemeanor offense of "no contest"…shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilt or not guilty from the explanation of the circumstances of the offense.**

"R.C. 2937.07 confers a substantive right. Therefore, a no contest plea may not be the basis for a finding of guilt without an explanation of circumstances." *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150, 459 N.E.2d 532 (1984).

**{¶5}** The State has the burden of ensuring that an explanation of the circumstances is introduced into the record. *State v. Jenkins*, 3d Dist. Hancock Nos. 5-15-21, 5-15-22, and 5-15-23, 2016-Ohio-1428, ¶ 7, citing *State v. Schornak*, 2d Dist. Greene No.2014–CA–59, 2015–Ohio–3383, 1 N.E.3d 168. R.C. 2937.07 does not designate who must recite the facts for the record and only requires "some participant in the hearing…provide this recitation for the record." *State v. James*, 7th Dist. Mahoning No. 15 MA 0003, 2016-Ohio-4662, ¶ 8, citing *State v. Murphy*, 116 Ohio App.3d 41, 45, 686 N.E.2d 553 (9th Dist.1996).

**{¶6}** "An explanation of circumstances is found where the record includes a statement of the facts sufficient to support all of the essential elements of the offense." *State v. Horvath*, 3d Dist Seneca No. 13-15-10, 2015-Ohio-4729, ¶ 12,

citing *State v. Provino*, 175 Ohio App.3d 283, 2007-Ohio-6974, 886 N.E.2d 888, ¶ 5. Even though the no contest plea admits the facts alleged in the complaint, "the record must provide an 'explanation of circumstances'" for the trial court "to find a defendant guilty." *Provino* at ¶ 5, quoting *City of Broadview Hts. v. Krueger*, 8th Dist. No. 88998, 2007-Ohio-5337, 2007 WL 2875156, at ¶ 10. "[T]he mere fact that the court's record includes documents which could show the defendant's guilt will not suffice." *Berea v. Moorer*, 2016-Ohio-3452, 55 N.E.3d 1186, ¶ 9 (8th Dist.), quoting *Village of Chagrin Falls v. Katelanos*, 54 Ohio App.3d 157, 158, 561 N.E.2d 992 (8th Dist.1988); *Horvath* at ¶ 16-17. "[D]ocumentary evidence may suffice as an explanation of the circumstances supporting the charge, provided the record demonstrates that the trial court actually considered that evidence in determining [the] [d]efendant's guilt or innocence." *State v. Mazzone*, 2d Dist. Montgomery No. 18780, 2001 WL 1141822, *2 (Sept. 28, 2001), citing *Bowers*. *See Jenkins* at ¶ 7. Thus, R.C. 2937.07 requires, "at a minimum, some positive recitation of facts which, if the court finds them to be true, would permit the court to enter a guilty verdict." *Id.*, quoting *Schornak* at ¶ 8.

{¶7} "Appellate review of a trial court's finding of guilt on a no contest plea to a misdemeanor is de novo." *State v. Erskine*, 4th Dist. Highland No. 14CA17, 2015-Ohio-710, 29 N.E.3d 272, ¶ 10. In reviewing the record, "[t]he question is not whether the court could have rendered an explanation of circumstances sufficient to

find appellant guilty based on the available documentation but whether the court made the necessary explanation." *Bowers, supra,* at 151.

> **Under R.C. 2937.07, when a plea of no contest is accepted in a misdemeanor case, the explanation of circumstances serves as the evidence upon which the trial court is to base its finding of guilt or not guilty.**

*Horvath* at ¶ 18, citing *State v. Kareski*, 137 Ohio St.3d 92, 2013-Ohio-4008, 998 N.E.2d 410, ¶ 14, citing *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). For this reason,

> **[i]f the explanation of circumstances provided on the record does not establish all of the offense's elements, the defendant who pled no contest 'has a substantive right to be discharged by a finding of not guilty.' *Bowers* at 150. It follows that if an appellate court finds that the explanation of circumstances requirement was not satisfied, the conviction must be vacated. *Id*. at 151.**

*Jenkins*, at ¶ 8, quoting *Bowers, supra,* at 151. Further,

> **[w]hen a conviction is reversed due to insufficient evidence, jeopardy attaches, and a remand for a new determination of guilt or innocence is prohibited by the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.**

*Horvath* at ¶ 18 (citations omitted).

{¶8} In the instant case, Brown pled no contest to the charges brought against him as part of a plea agreement. Tr. 3-4. To determine whether the trial court followed the requirements of R.C. 2937.07, we scrutinize the trial transcript for an explanation of circumstances or evidence of a waiver from the defendant. While the explanation of circumstances is mandated by law, in *State v. Arnold*, this court

"join[ed] the many other Ohio courts that have held that the explanation-of-circumstances requirement of R.C. 2937.07 is waivable." *State v. Arnold*, 3d Dist. Seneca No. 13-16-13, 2017-Ohio-326, ¶ 10, citing *State v. Kern*, 6th Dist. Lucas No. L-14-1173, 2015-Ohio-1988, ¶ 12, citing *City of Broadview Hts. V. Burrows*, 8th Dist. Cuyahoga No. 79161, 2001 WL 1174264, 2 (Oct. 4, 2001), *State v. Smyers*, 5th Dist. Muskingum No. CT03-0039, 2004-Ohio-851, ¶ 12, *State v. Ritch*, 4th Dist. Scioto No. 97CA2491, 1998 WL 282970 (May 11, 1998), *City of North Ridgeville v. Roth*, 9th Dist. Lorain No. 03CA008396, 2004-Ohio-4447, ¶ 12.  The relevant portion of the exchange between Brown and the court is as follows:

> **[Court]: [H]ow do you plead?**
>
> **[Defendant]: No contest, sir.**
>
> **[Court]: Is that with a stipulated finding of guilt?**
>
> **[Defense Counsel]:  That's correct.  We're not stipulating to the guilt, but we understand that the court is doing that.**
>
> **[Court]: I'll accept the finding of guilt and adopt the recommended penalty.  The Count B charge will be dismissed— or excuse me—the Count A charge.  Of course, it was the Count B charge that we just did.  And I will sign the order appointing the transcriber.  And I'll sign the entry granting the stay, pending the timely filing of the appeal.  Anything else?**

Tr. 4-5.

{¶9} In *Arnold*, we affirmed the conviction of the defendant in the absence of an explanation of circumstances because we found evidence in the record that the defendant intended to waive the explanation of circumstances requirement of R.C.

-7-

2937.07. *Arnold* at ¶ 11, 21. We find, however, that *Arnold* is distinguishable from the present case. In *Arnold*, when asked for his plea, the defendant answered through his counsel, "No contest. Consent to a finding of guilt, Your Honor. And there's an actual basis." *Id*. at ¶ 10. Going beyond the bare admission that the facts of the complaint are true, the defendant's no contest plea was accompanied by an admission that the facts were "an actual basis" for a finding of guilt and by express consent to the court's finding of guilt. *Id*. In *Arnold*, the explanation of circumstances was not necessary as the defendant admitted such a basis existed and, in so doing, waived the requirements of R.C. 2937.07. *Id*. Thus, the trial judge was warranted in relying on the admission that accompanied the defendant's no contest plea as a sufficient basis for a finding of guilt and as a waiver of the explanation of circumstances requirement. *Id*. at ¶ 12.

{¶10} In the present case, the trial court, in its judgment entry, submitted Brown's plea as "No Contest, with a stipulated finding of Guilty." Doc. 28. However, this entry is not—by itself—a waiver. *See State v. Roland*, 2d Dist. Champaign No. 2005 CA 39, 2006-Ohio-3517 (holding that a stipulation of guilt was "not the functional equivalent of a guilty plea."). Rather, a no contest plea with a stipulated finding of guilty must be accompanied by conduct on the part of the defendant that objectively indicates a clear intention to waive the explanation of circumstances. *See State v. Roth*, 9th Dist. Lorain No. 03CA008396, 2004-Ohio-

4447 (holding that an explicit waiver by the defendant was sufficient to waive the explanation of circumstances requirement).

{¶11} Here, Brown admitted the facts of the case by pleading no contest, but he did not admit that the facts provided a sufficient or "actual basis" for a finding of guilt or expressly consent to a finding of guilt as the defendant did in *Arnold*. *Arnold* at ¶ 10. Tr. 4. Rather, counsel stated that they "[were] not stipulating to a finding of guilt" with the understanding that the court was going to make that finding. Tr. 4. This is not a waiver of the explanation of circumstances as this statement explicitly leaves the finding of guilt in the hands of the trial court. Such a finding by the trial court needed, in turn, to be based on an explanation of circumstances.

{¶12} In reaching a finding of guilt, neither the State nor the trial judge mentioned a single factual finding during the hearing. Tr. 1-6. *See Jenkins*, *supra*, at ¶ 11, citing *State v. Hess*, 3d Dist. Mercer No. 10-91-4, 1991 WL 271716 (Dec. 13, 1991), 3 (holding the court needs to facilitate the "required 'explanation of the circumstances' before finding guilt."). The docket contains several documents which supply information that could have supported a finding of guilt, but the court did not—at any point—allude to any of these materials for the record. Tr. 1-6. *State v. Myers*, 3d Dist. Marion Nos. 9-02-65 and 9-02-66, 2003-Ohio-2936, ¶ 18 (reversing the judgment of the trial court where "the record was silent as to whether the court based its decision on the documentary evidence."). The facts of the complaint, which Brown admitted to in pleading no contest, were not introduced

into the record to substantiate the court's determination. Tr. 4. *See Bowers, supra,* at 151. *See Schornak*, *supra,* at ¶ 16 (holding that the court may meet the requirements of R.C. 2937.07 by explicitly referencing, for the record, the documentary evidence that supports its finding of guilt). While the trial court judge may have had knowledge of facts that would constitute a sufficient basis for a finding of guilt, the law requires an explanation of the circumstances that support such a conclusion. *Horvath, supra,* at ¶ 16, (finding *City of Cleveland v. Paramount Land Holdings*, LLC, 8th Dist. Cuyahoga No. 95448, 2011-Ohio-3383, 2011 WL 2640236, ¶ 23, to stand for the proposition that "an explanation of circumstances is not satisfied by a presumption that the [trial] court was aware of facts").

{¶13} In this case, Brown clearly qualified the plea he tendered to the court and did not engage in any conduct that would signal to the court that Brown had an intention to waive the explanation of circumstances requirement. In a misdemeanor case, a no contest plea is not an admission of guilt and cannot alone be the basis for a finding of guilt. *Horvath*, supra, at ¶ 17. *See Moorer*, supra, at ¶ 13. Further, the trial court's acceptance of a no contest plea even with a stipulated finding of guilty cannot—by itself—discharge the duty to provide an explanation of circumstances for the record when it is unaccompanied by a clear waiver by the defendant of this substantive right. Finally, we also do not see the indications of invited error which were present in *Arnold*. *Arnold*, *supra*, at ¶ 12.

{¶14} The burden is on the State to provide the explanation of circumstances requirement, and the State simply did not carry its burden. *Jenkins, supra*, at ¶ 7. Since the record does not contain an explanation of the circumstances with factual findings sufficient to establish the essential elements of the crime, the record left to us by the trial court cannot support a finding of guilty in this case. *Horvath, supra,* at ¶ 18. Accordingly, Brown's conviction is reversed for insufficient evidence. *Id.* Further, double jeopardy has attached, barring reconsideration of this charge on remand. *See Id.*; *Moorer, supra,* at ¶ 20. For these reasons, Brown's fourth assignment of error is sustained.

*Administrative License Appeal*

{¶15} In his third assignment of error, Brown asserts that the trial court erred by failing to hold a hearing on his ALS appeal. An ALS is a civil matter that is remedial in nature and distinct from the criminal charge in this case. *Ohio Bur. Of Motor Vehicles v. Williams*, 97 Ohio App.3d 779, 780, 647 N.E.2d 562 (3d Dist. 1994). *See State v. Gustafson*, 76 Ohio St.3d 425, 436, 668 N.E.2d 435 (1996) (holding the ALS and criminal trial were distinct proceedings for the purposes of double jeopardy). Thus, this issue survives our ruling on Brown's fourth assignment of error. *Id.*

{¶16} When an arrestee tests positive for driving with a prohibited concentration of alcohol, he or she is immediately subject to an ALS. R.C. 4511.192(D)(1)(a) and R.C. 4511.191(C)(1). In the period between the arrest and

the trial, the ALS continues for the length of time specified in R.C. 4510.02(B) absent judicial intervention. If a defendant is charged with violating R.C. 4511.19 and is found not guilty while the ALS is still in effect, the verdict does not affect the ALS. R.C. 4511.191(D)(1). If the defendant is convicted for driving with a prohibited concentration of alcohol or drugs under R.C. 4511.19 and the ALS is still in effect, the ALS must terminate upon sentencing. *See Gustafson* at 436 (holding the ALS ceases to be remedial at conviction and, if continued beyond the conviction, would result in a cumulative punishment in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions). *See* R.C. 4511.197(A) and 4511.191(F).

{¶17} When the ALS terminates after an OVI conviction, the time spent under the ALS is credited towards any license suspension imposed in the sentence. R.C. 4511.191(C)(2). *State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, ¶ 25 and *State v. Sapariti*, 118 Ohio App.3d 1, 7, 691 N.E.2d 1064 (3d Dist.1997). Even though the ALS terminates upon a conviction and the suspension time merges with the OVI sentence, "[t]he administrative suspension of [the defendant's] driver's license is [still] a separate civil action which is unrelated to the criminal case charging [the defendant] with driving under the influence of alcohol." *Williams* at 780, citing *Hoban v. Rice*, 25 Ohio St.2d 111, 267 N.E.2d 311 (1971); *State v. Starnes*, 21 Ohio St.2d 38, 254 N.E.2d 675 (1970).

**{¶18}** Since "the Due Process Clause applies to the suspension…of a driver's license," procedural safeguards are necessary to prevent an erroneous deprivation. *State v. Hochhausler*, 76 Ohio St.3d 455, 459, 668 N.E.2d 457 (1996). R.C. 4511.197(A) subjects an ALS to judicial oversight and provides a licensee with a process to appeal an ALS. Within five days of the arrest or the issuance of the citation that led to the ALS, the court must hold an initial appearance. R.C. 4511.196(A). The person charged with an OVI "may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the…initial appearance." R.C. 4511.197(A). "The purpose for requiring the initial appearance to be held within five days is to provide the person with the opportunity to appeal the ALS." *Columbus v. Rose*, 10th Dist. Franklin No. 06AP-579, 2007-Ohio-499, ¶ 6 (finding R.C. 4511.191 and 4511.196 address the "civil and remedial aspects of the OVI statutory framework, and not the criminal aspects.").

**{¶19}** Ohio law, however, "does not expressly set forth the procedure a trial court is to follow in reviewing an appeal of an [ALS]."[2] *State v. Norman*, 5th Dist.

---

[2] In the past, R.C. 4511.191 governed the ALS appeals process and directed a person with an ALS suspension to "file a petition in the Municipal Court or the County Court" within twenty days of receiving a notice of suspension. *State v. Starnes*, 21 Ohio St.2d 38, 42, 254 N.E.2d 675 (1970), quoting the former version of R.C. 4511.191, which is now 4511.197. The statute also required the person "to pay the cost of the proceedings." *See State v. Rozell*, 4th Dist. Pickaway No. 95CA17, 1996 WL 344034 (June 20, 1996). R.C. 4511.197 now governs the ALS appeal process. *See* R.C. 4511.191(C)(1). Under the current law, the defendant need only "challenge the [ALS] at the initial appearance in the criminal case." *State v. Wisby*, 1st Dist. Hamilton No. C-020758 and C-020759, 2003-Ohio-5834, ¶ 15. The statute directs the person to appeal "at the initial appearance on the charge resulting from the arrest." R.C. 4511.197(A).

Knox No. 2005CA00022, 2005-Ohio-5791, ¶ 17. For this reason, courts have employed varying procedures in hearing ALS appeals. *State v. Mallin*, 6th Dist. Ottawa No. OT-06-040, 2007-Ohio-4476, ¶ 20 (finding the ALS appeal and the criminal proceeding need not "proceed under separate case number[s]"); *State v. Wisby*, 1st Dist. Hamilton Nos. C-020758 and C-020759, 2003-Ohio-5834, ¶ 15 (finding the ALS is "perhaps best treated as ancillary to a criminal prosecution" even though it is a separate proceeding); *Jackson v. Rankin*, 2d Dist. Montgomery No. 23083, 2009-Ohio-1639, ¶ 26 (finding a separate civil filing perfected an ALS appeal). The fundamental issue, however, is not how the appeal was heard but whether the appeal was heard. "[I]nherent in an ALS appeal is an opportunity to be heard." *Norman*, at ¶ 17. "[T]he lack of any mention or order relative to the ALS appeal is tantamount to a denial of appellant's right to a hearing pursuant to R.C. 4511.197." *State v. Katz*, 5th Dist. Delaware No. 09CAC030028, 2009-Ohio-5803, ¶ 26. *See City of Mayfield Heights v. Buckner*, 8th Dist. Cuyahoga No. 69221, 1996 WL 563624 (Oct. 3, 1996).

{¶20} In the present case, Brown appealed his ALS in his initial appearance pleadings, but the trial court did not schedule a hearing. Doc. 4. On appeal, the State argues the trial court was correct in doing so because Brown failed to file his appeal as a separate civil action. This argument fails in that the trial court

acknowledged the appeal by ordering a stay of the ALS on January 20, 2016.[3]  Doc. 11.  In this case, no evidence in the record suggests that the trial court addressed or issued an order regarding a hearing of the ALS appeal that Brown requested.  Brown was never given an opportunity to be heard, which state law and due process require.  In doing so, the trial court erred.

{¶21} In this case, Brown's license was subjected to an ALS after his breath test showed an alcohol level of 0.117%.  Doc. 2.  The ALS began on November 25, 2015, and expired pursuant to R.C. 4511.191(C)(1)(a) on April 3, 2016.   Doc. 22.  After finding Brown guilty, the court sentenced Brown on July 6, 2016, and suspended Brown's license until November 25, 2018.  Doc. 28.  The reversal of Brown's conviction removes the license suspension imposed on July 6, 2016.  However, reversal of Brown's conviction does not reinstate Brown's license as his driving privileges were not originally suspended by the penalty imposed by the court on July 6, 2016, but by the ALS on November 25, 2015.[4]  Doc. 22.  The expiration of the ALS did not reinstate Brown's license.  *Id.*  Rather, R.C. 4511.191(F) requires Brown to take affirmative steps to have his license reinstated, including the possible payment of a reinstatement fee.

---

[3] For reasons not stated, the court issued an order on February 29, 2016 that lifted the stay effective on March 1, 2016.  Doc. 22.

[4] Since the ALS expired on April 3, 2016, prior to the sentencing hearing, Brown's license is no longer subject to the ALS.  *Uskert*, 85 Ohio St.3d 593, 596-597, 709 N.E.2d 1200.

{¶22} Whether Brown needs to take these affirmative steps in R.C. 4511.191(F) to reinstate his license depends on whether the initial ALS was valid. Since the trial court did not hold an ALS appeal, we have no record from which we can determine whether the initial ALS was proper. If Brown wishes to continue the appeal of his ALS, this determination must be made by the trial court. For these reasons, the third assignment of error is sustained.

### Remaining Assignments of Error

{¶23} Since the fourth assignment of error, regarding the trial court's decision to find the defendant guilty in the absence of an explanation of the circumstances, has been sustained, the questions concerning the appellant's motion to suppress and the motion to compel discovery, raised in the first and second assignments of error respectively, are moot. Thus, this court declines to address these questions pursuant to App.R. 12(A)(1)(c).

{¶24} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion Municipal Court is reversed. The matter is remanded to the trial court for further proceedings in accord with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**PRESTON, P.J. and SHAW, J., concur.**

**/hls**