[Cite as *State v. Patton*, 2022-Ohio-4149.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 16-22-01

    v.

RACHEL M. PATTON,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Upper Sandusky Municipal Court
Trial Court No. TRC2100754A

Judgment Affirmed

Date of Decision: November 21, 2022

APPEARANCES:

    *Edwin M. Bibler* for Appellant

**MILLER, J.**

{¶1} Defendant-appellant, Rachel M. Patton, appeals the December 21, 2021 judgment of sentence of the Upper Sandusky Municipal Court. For the reasons that follow, we affirm.

## I. Background

{¶2} On March 2, 2021, a complaint was filed in the trial court charging Patton with one count of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them ("OVI") in violation of R.C. 4511.19(A)(1)(a). On March 15, 2021, Patton appeared for arraignment and pleaded not guilty.

{¶3} A change of plea hearing was held on December 21, 2021. At the hearing, Patton withdrew her previous not-guilty plea and pleaded no contest. After accepting Patton's plea, the trial court asked for an explanation of the circumstances of the offense pursuant to R.C. 2937.07. The complaining officer then read his report into the record:

> Following a crash where Rachel Patton went left of center into oncoming traffic. Rachel was charged for * * * OVI. When I arrived on the scene of the crash, a female was standing by Rachel's vehicle holding a jacket over the driver's side window. Female advised me that she was just keeping the wind off the driver. The driver got her foot free and wanted to get out of the car. The female said she advised the driver to stay in the vehicle. I went and got close to the vehicle where I could speak with the driver. When I got close to the vehicle, I noticed a strong odor of burnt marijuana coming from Rachel. I asked Rachel, who was sitting calmly in the driver's seat of the vehicle, what hurt? Rachel said she hurt all over. I asked her if anything hurt more than anything else. Rachel advised her foot and

her side. I asked Rachel what had happened. Rachel claimed that her steering wheel had locked up and she drove into the semi. Note the entire time I was speaking with Rachel her actions were more like someone who had been stopped at a traffic stop, as opposed to someone who had just hit a semi head on.

Rachel was not screaming or yelling. She answered my questions calmly, and in a normal tone of voice. Rachel seemed relaxed, and with what happened and what was going on. Joseph Jacobs, the driver of the semi that had hit Rachel, said when he first saw Rachel's vehicle, that * * * she was already over the center line. Joseph said he drove off the road in an attempt to get away from Rachel's vehicle. Joseph said that as Rachel's vehicle got closer, it seemed to steer right back into his truck. Joseph advised * * * that his company has video camera in the truck, and they have the video of the crash.[1]

Upon looking through Rachel's vehicle for her driver's license and insurance card, I found Rachel had a prescription for a bottle of methadone. On February 27, 2021, when Rachel was served her citation * * *, she made no claims of the steering wheel locking up. Rachel * * * did ask * * * what she was under, and I advised her marijuana and methadone. She claimed she was allowed to drive on her methadone because it was prescribed to her.

(Dec. 21, 2021 Tr. at 7-9).

{¶4} Patton's counsel then offered further information relevant to the circumstances of the offense. Patton's counsel noted that when Patton was taken to the hospital after the crash, "her blood sugar was just off the charts." (Dec. 21, 2021 Tr. at 10). She stated that Patton was diagnosed with diabetes not long before the crash and that her diabetes "was not well maintained at that time." (Dec. 21, 2021

---

[1] The trial court evidently reviewed this video recording prior to finding Patton guilty of OVI. (*See* Dec. 21, 2021 Tr. at 9). However, the recording was not included in the record on appeal. Accordingly, although the recording was part of the explanation of the circumstances of Patton's OVI offense, we cannot consider it.

-3-

Tr. at 10). Patton's counsel asserted that Patton's blood sugar level "contributed to this left of center incident." (Dec. 21, 2021 Tr. at 11). Patton's counsel also contended there was nothing in the Wyandot County EMS report "indicating any signs of * * * impairment" and there were no tests identifying the presence of alcohol or illicit drugs in Patton's system. (Dec. 21, 2021 Tr. at 11). Moreover, Patton's counsel observed that Patton had been working with a methadone clinic for five years, and she claimed that methadone is "not something that impairs her in any way." (Dec. 21, 2021 Tr. at 11). She also noted that the program is "pretty stringent on how [Patton] takes her medication to make sure it's not being abused." (Dec. 21, 2021 Tr. at 12). Finally, Patton's counsel stated that Patton has to take random drug tests to remain in the methadone program and that "if she were to test positive for marijuana at one of her appointments, she would be kicked out of the program." (Dec. 21, 2021 Tr. at 13). She expressed a disbelief Patton "would be willing to risk her maintained relationship with this clinic over some marijuana." (Dec. 21, 2021 Tr. at 13).

{¶5} Patton herself then offered a few statements about the incident. She stated that "having high sugar, especially extremely high * * * makes like you're almost, like, delirious." (Dec. 21, 2021 Tr. at 15). She also said that she "couldn't even speak because [she] had no air in [her] to speak, because * * * [she] just got in an accident." (Dec. 21, 2021 Tr. at 15).

**{¶6}** After these statements, the trial court found Patton guilty of OVI as charged in the complaint. The trial court sentenced Patton to 39 days in jail, with 30 days suspended. The trial court also fined Patton $575 and suspended her driver's license for one year. The trial court filed its judgment entry of sentence on December 21, 2021.

## II. Assignment of Error

**{¶7}** On January 4, 2022, Patton timely filed a notice of appeal. She raises the following assignment of error for our review:

> **The trial court erred to the prejudice of defendant-appellant by finding that the State proved beyond a reasonable doubt that she was guilty of Operating a Vehicle Under the Influence in violation of O.R.C. 4511.19(A)(1)(a).**

## III. Discussion

**{¶8}** In her assignment of error, Patton argues that the trial court erred by finding her guilty of OVI following her no-contest plea. Patton contends the explanation of circumstances given at the December 21, 2021 hearing "did not provide a sufficient basis to find [her] guilty of an OVI in violation of R.C. 4511.19." She maintains "the facts in this matter did not establish that she was guilty of [OVI] beyond a reasonable doubt because there was no testing conducted to determine whether [she] was under the influence of marijuana, or any non-prescription drugs at the time of the collision." She also points to her trial counsel's

statement that "the report taken by the Wyandot County EMS did not mention that [she] was presenting any signs of impairment while she was being evaluated."

{¶9} "'Appellate review of a trial court's finding of guilt on a no contest plea to a misdemeanor is de novo.'" *State v. Brown*, 3d Dist. Marion No. 9-16-37, 2017-Ohio-678, ¶ 7, quoting *State v. Erskine*, 4th Dist. Highland No. 14CA17, 2015-Ohio-710, ¶ 10. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27.

{¶10} Crim.R. 11(B)(2) provides that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *." R.C. 2937.07 similarly provides that "[a] plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint[.]" However, R.C. 2937.07 contains an additional provision that the defendant's no-contest plea constitutes an acknowledgement that "the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." Although Crim.R. 11(B)(2) does not require an explanation of circumstances, the rule does not supersede R.C. 2937.07 and therefore, in non-minor

misdemeanor cases,[2] "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984).

**{¶11}** R.C. 2937.07's "explanation-of-circumstances requirement exists to provide an extra layer of procedural protection to the defendant." *Girard v. Giordano*, 155 Ohio St.3d 470, 2018-Ohio-5024, ¶ 15. "[I]t allows a judge to find a defendant not guilty or refuse to accept his plea when the uncontested facts do not rise to the level of a criminal violation." *Id.* at ¶ 18. However, the explanation of circumstances is not necessary to establish the elements of the offense, as that is accomplished by the defendant's no-contest plea itself—at least where the complaint properly alleges the elements of the offense. *Id.* at ¶ 17 and 19-20.

**{¶12}** The obligation imposed by R.C. 2937.07 is not an onerous one. "The State has the burden of ensuring that an explanation of the circumstances is introduced into the record," but "R.C. 2937.07 does not designate who must recite the facts for the record and only requires 'some participant in the hearing * * * provide [the] recitation for the record.'" *Brown*, 2017-Ohio-678, at ¶ 5, quoting *State v. James*, 7th Dist. Mahoning No. 15 MA 0003, 2016-Ohio-4662, ¶ 8. Thus, even the defendant may make the explanation of circumstances required by R.C.

---

[2] R.C. 2937.07 provides that "[i]f the offense to which the accused is entering a plea of 'no contest' is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense * * *."

2937.07. *See State v. Schornak*, 2d Dist. Greene No. 2014-CA-59, 2015-Ohio-3383, ¶ 8. Furthermore, the explanation of circumstances need not be extensive. Indeed, the Supreme Court of Ohio has suggested that, as a general matter, the State may satisfy its obligations under R.C. 2937.07 by doing nothing more than ensuring that the allegations of the complaint are recited verbatim on the record. *See Giordano* at ¶ 22.

**{¶13}** Here, the circumstances of Patton's OVI offense were explained on the record as required by R.C. 2937.07. Nevertheless, Patton insists she could not be found guilty of OVI based on the explanation of circumstances because there were no facts definitively establishing that she was under the influence of marijuana or any other drug at the time of the incident. Patton acknowledges the portions of the complaining officer's report that support a finding that she was under the influence of drugs. However, Patton highlights her trial counsel's statements about the lack of testing establishing that she was under the influence of drugs and about the lack of evidence that she presented as impaired when examined by Wyandot County EMS. She also points to an alternative explanation for the crash, i.e., her high blood sugar, and to the reasons why it is unreasonable to conclude she had been abusing methadone or consuming marijuana around the time of the incident. Thus, Patton essentially claims the facts supporting that she was not under the influence

of drugs at the time of the incident outweigh the facts supporting that she was under the influence of drugs.

**{¶14}** But under R.C. 2937.07, the trial court is not called upon to weigh the evidence supporting the defendant's guilt against the evidence suggesting the defendant's innocence. *See State v. Myers*, 3d Dist. Marion Nos. 9-02-65 and 9-02-66, 2003-Ohio-2936, ¶ 15. Instead, the trial court is tasked with determining whether there are facts set forth in the explanation of circumstances that, if believed by the trial court, would allow it to find the defendant guilty of the offense to which they pleaded no contest. *Brown* at ¶ 6. From the facts in the explanation of circumstances in this case, a court could find Patton guilty of OVI. Nothing in the explanation of circumstances was irreconcilably inconsistent with finding that Patton was operating a motor vehicle or that she was under the influence of a drug of abuse. Nor did the facts in the explanation of circumstances completely and unequivocally negate the existence of any element of the OVI offense. *See State v. Huffman*, 3d Dist. Hancock No. 5-19-37, 2020-Ohio-1062, ¶ 9 (observing that where a defendant pleads no contest to a felony, no explanation of circumstances is required, but if the trial court asks for an explanation and the explanation "absolutely negates" an element of the offense, the trial court errs by finding the defendant guilty pursuant to the no-contest plea). It is indisputable from the explanation of circumstances that Patton was operating a motor vehicle, and based on the very fact

that Patton caused a collision by going well left of center, the strong odor of burnt marijuana detected on Patton's person, and Patton's atypically calm demeanor, it could be inferred that Patton was under the influence of a drug of abuse.  Therefore, we conclude that the trial court did not err by finding Patton guilty of OVI pursuant to her no-contest plea.

{¶15}  Patton's assignment of error is overruled.

## IV.  Conclusion

{¶16}  For the foregoing reasons, Patton's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Upper Sandusky Municipal Court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**