CITY OF NORTH OLMSTED, APPELLEE, *v.*
GALLAGHER, APPELLANT.

(No. 43260—Decided August 6, 1981.)

*Mr. Donald P. Albenze,* for appellee.
*Mr. Daniel J. Kolick,* for appellant.

PARRINO, J. This is an appeal from a judgment rendered in the Rocky River Municipal Court. Christopher J. Gallagher, defendant-appellant, appeals his conviction of "hit-and-run," a violation of Section 335.12 of the Codified Ordinances of the City of North Olmsted. The issues raised in this appeal are, first, whether Section 335.12 applies to a driver who has not proximately caused the collision in which his motor vehicle is involved and, second, whether Section 335.12 applies to a driver who lacks actual knowledge that a person has been injured in that collision.

This appeal arises from a collision which occurred on August 5, 1980, when a bicycle ridden by twelve-year-old Robert Cleary struck the passenger side of a 1979 Chevy Chevette driven by the twenty-year-old defendant in the intersection of Clague and Lorain Roads. It is undisputed that defendant had proceeded in accordance with a left-turn signal, that Robert Cleary had failed to obey Section 373.15

of the Codified Ordinances of the City of North Olmsted,[1] that Robert Cleary was thrown from his bicycle onto the hood of defendant's vehicle, and that defendant neither exited his vehicle nor identified himself to Robert Cleary. After the collision, one of two witnesses followed defendant and secured his license plate number; both witnesses then accompanied Robert Cleary to the North Olmsted Police Department, where all three made written statements. Defendant made a written statement to police on August 8, 1980. On September 3, 1980, police issued him a traffic citation for violation of Section 335.12.

The matter was tried on November 19, 1980. On the same day, the court found defendant guilty, fined him $250, sentenced him to six days' imprisonment, suspended his driver's license for three years, and permitted him to drive after thirty days, provided that he complied with the Financial Responsibility Law (R.C. Chapter 4509).

In his timely appeal to this court, defendant-appellant assigns three errors:

"1) The Trial Court erred in finding the Defendant-Appellant guilty of violating a 'Leaving the Scene of an Accident' Ordinance, since the Defendant-Appellant was the innocent party involved in the incident.

"2) The Trial Court erred in finding the Defendant-Appellant guilty of violating a 'Leaving the Scene of an Accident' Ordinance, since the accident or collision was not 'due to the driving or operation' of a motor vehicle by the Defendant-Appellant.

"3) The Trial Court erred when it found the Defendant-Appellant guilty of a violation of Section 335.12 of the Codified Ordinances of the City of North Olmsted for 'Leaving the Scene of an Accident,' in the absence of evidence establishing beyond a reasonable doubt that the Defendant-Appellant knew that a person was injured in the accident."

These assignments of error are without merit.

Section 335.12 of the Codified Ordinances of the City of North Olmsted is premised upon R.C. 4549.02. Section 335.12 provides, *inter alia:*

"In the case of accident to or collision with persons or property upon any of the public streets or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, having knowledge of such accident or collision, shall immediately stop his motor vehicle at the scene of the accident or collision and shall remain at the scene of such accident or collision until he has given his name and address and, if he is not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle, to any person injured in such accident or collision or to the operator, occupant, owner or attendant of any motor vehicle damaged in such accident or collision, or to any police officer at the scene of such accident or collision."

Section 335.12 clearly imposes two duties upon any person encompassed within its provisions: first, that he stop at the scene, and second, that he remain at the scene until he has identified himself to any person injured, to the owner of any property damaged, or to any police officer present. Defendant's assignments of error are premised upon his assertion that

---

[1] Section 373.15 provides, *inter alia:*

"It shall be legal to ride a bicycle upon a sidewalk, street or public way, or upon any path set aside for the exclusive use of bicycles, subject to the following:

"* * *

"(g) No person shall ride a bicycle across or through an intersection when crossing a through street. Such intersections are to be crossed by walking the bicycle across or through the intersection."

he is not a person encompassed within the provisions of Section 335.12.

In the first assignment of error, defendant asserts that Section 335.12 is inapplicable because he was not at fault. In the second assignment of error, defendant asserts that Section 335.12 is inapplicable because the collision was not a "collision * * * due to the driving or operation * * * of any motor vehicle," *i.e.*, because the collision was due to the operation of a bicycle.[2] We find no merit in defendant's attempt to limit Section 335.12's applicability to collisions of which operation of a motor vehicle is the proximate cause. Section 335.12 clearly applies to collisions of which operation of a motor vehicle is a contributing factor, *i.e.*, to collisions in which motor vehicles are involved. See *Cleveland* v. *Jorski* (1944), 142 Ohio St. 529, 531 [27 O.O. 464] (applying a similar ordinance to a collision which occurred when a pedestrian "staggered into the path of the car"). See, also, Section 373.13 of the Codified Ordinances of the City of North Olmsted (providing that "[e]very person riding a bicycle upon a street shall be granted all the rights * * * applicable to the driver of a vehicle * * * by the traffic ordinances of the city"). Accordingly, we hold that Section 335.12 applies to the driver of a motor vehicle which has collided with a bicycle, whether or not the driver himself has proximately caused the collision, and we overrule the first and second assignments of error.

In the third assignment of error, defendant asserts that Section 335.12 is inapplicable because he had no knowledge that Robert Cleary had been injured. The applicability of Section 335.12, however, is clearly dependent upon the driver's "knowledge of [the] accident or collision," not upon his knowledge of personal injury or property damage. See *Cuyahoga Falls*

v. *Wuchter* (1972), 31 Ohio App. 2d 71, 73-74 [60 O.O.2d 167] (holding that knowledge of the collision is an essential element of the offense and that a defendant-driver's reasonable belief that he had neither inflicted nor incurred damage when he "made contact" with another vehicle rendered proof of knowledge of a collision between the two vehicles lacking). The incident at issue in the instant case clearly comprised a collision, a fact which defendant himself does not dispute. Even if defendant considered personal injury to be an essential element of a collision, moreover, his belief that Robert Cleary had sustained no injury was clearly unreasonable. Defendant should have known that personal injury was a probable consequence of the "contact" which threw the boy from his bicycle onto the hood of the Chevette. See Section 501.08 of the Codified Ordinances of the City of North Olmsted (providing, *inter alia,* that "[a] person has knowledge of circumstances when he is aware that such circumstances probably exist"). Accordingly, we hold that, if the driver of a motor vehicle which has collided with a bicycle has knowledge of the collision, he must stop and identify himself to the injured rider. We hold that the driver's lack of knowledge that the rider was injured will not excuse his failure to identify himself, if he was aware that personal injury was a probable consequence of the collision, and we overrule the third assignment of error.

The judgment of the Rocky River Municipal Court is affirmed.

*Judgment affirmed.*

DAY, P.J., and CELEBREZZE, J., concur.

---

[2] Section 301.20 of the Codified Ordinances of the City of North Olmsted provides that motor vehicle means "every vehicle propelled or drawn by power other than muscular power. * * *"

DAY, P.J., concurring. I concur in the judgment but would hold the defendant to a stricter accountability than the majority does.

In my view the relevant ordinance requires a stop and delivery of the specified information after a collision whether or not the driver of a participating vehicle was aware that personal injury was a probable consequence of the collision.