The STATE of Ohio, Appellee,

v.

PROVINO III, Appellant.

[Cite as *State v. Provino*, 175 Ohio App.3d 283, 2007-Ohio-6974.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–07–19.

Decided Dec. 26, 2007.

Richard A. Kahler, for appellant.

Damon D. Alt, Assistant City Prosecutor, for appellee.

WILLAMOWSKI, Judge.

{¶ 1} The defendant-appellant, Frank L. Provino III, appeals the judgment of the Tiffin Municipal Court convicting him upon a no-contest plea of leaving the scene of an accident. On appeal, Provino contends that based on the facts read into the record during the change-of-plea hearing, the state could not prove each element of the charged offense and that the trial court erred when it found him guilty. For the reasons set forth herein, we reverse the judgment of the trial court.

{¶ 2} On February 18, 2007, at approximately 4:00 a.m., Provino was operating a 2002 GMC Envoy on Township Road 66 in Seneca County, Ohio. Provino's friend owned the vehicle and had authorized Provino's use of it. The roads were icy and snowy, and Provino slid the vehicle into a ditch running along the opposite side of the roadway. Provino left the vehicle in the ditch and left the scene. A towing service subsequently removed the vehicle from the ditch, and the sheriff's office placed a hold on the vehicle's release pending contact with the owner.

{¶ 3} Later that day, the owner of the vehicle contacted the Seneca County Sheriff's Office and reported that Provino had been authorized to operate the vehicle when he went into the ditch. Deputy Elliot told the owner that Provino needed to contact him before the vehicle would be released. Approximately 27 hours after the incident, Provino contacted Deputy Elliot, admitted driving the vehicle during the incident, and admitted leaving the scene. Provino told the deputy that he left the scene because he did not want to get in trouble, since he did not have proof of insurance or registration for the vehicle.

{¶ 4} Provino was charged with failure to control, a violation of R.C. 4511.202(A), a minor misdemeanor, and failure to stop after an accident, a violation of R.C. 4549.02(A), a misdemeanor of the first degree. Provino pleaded not guilty at arraignment, and a change-of-plea hearing was held on June 5, 2007. At the hearing, Provino withdrew his pleas of not guilty and pleaded no contest to both charges. After the state read the facts into the record, Provino argued that the state had failed to prove each element of the offense of failure to stop after an accident. The court noted that the case was "real close" but found Provino guilty

on both offenses and imposed sentence. Provino appeals the judgment of the trial court, asserting one assignment of error for our review.

## Assignment of Error

As a matter of law, the trial judge committed error prejudicial to the defendant-appellant by convicting and sentencing him on a no contest plea for a violation of Ohio Revised Code § 4549.02(A) since the statement and explanation of facts and circumstances presented by the prosecution were insufficient to meet all the elements of that charged crime.

■ {¶ 5} R.C. 2937.07 states: "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." To find a defendant guilty, "the record must provide an 'explanation of circumstances' which includes a statement of the facts supporting all of the essential elements of the offense." *Broadview Hts. v. Krueger*, 8th Dist. No. 88998, 2007-Ohio-5337, 2007 WL 2875156, at ¶ 10, citing *Chagrin Falls v. Katelanos* (1988), 54 Ohio App.3d 157, 561 N.E.2d 992, paragraph four of the syllabus; *Cuyahoga Falls v. Bowers* (1984), 9 Ohio St.3d 148, 150, 9 OBR 438, 459 N.E.2d 532. This rule prevents the trial court from finding offenders guilty "in a perfunctory fashion." *Broadview*, 2007-Ohio-5337, 2007 WL 2875156, at ¶ 10, citing *Cuyahoga Falls* at 150, 9 OBR 438, 459 N.E.2d 532.

■ {¶ 6} On appeal, Provino challenges his conviction for failure to stop after an accident but not his conviction for failure to control. Provino contends that the trial court focused on an incorrect statute, R.C. 4549.021(A), when it should have reviewed R.C. 4549.02(A), which states:

> In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision.

Provino argues that under R.C. 4549.02(A) there "was in fact no accident to or collision with persons or property upon the subject public road, to wit, Twp. Rd.

66" and that there was nobody at the scene to whom he could have given the information.

{¶ 7} In response, the state argues that Provino's appellate argument relies on various hypothetical facts. The state contends that although R.C. 4549.02(A) does not impose a specific time period in which to report an accident, Provino waited approximately 27 hours to do so, which is unreasonable. The state asserts that the essential elements of the offense were proved in that Provino left the scene without providing information to law enforcement, the vehicle Provino had been driving was damaged, the collision occurred on Township Road 66 and sent the vehicle into the ditch, and the vehicle was disabled as a result of the collision.

{¶ 8} At the change-of-plea hearing, the prosecutor read the following statement into the record:

[T]he report in this case number 07–TRD–443(A) and (B) states that *"Frank Provino, III, on or about February 18th, 2007 at 3:58 a.m. did operate a motor vehicle upon Township Road 66 between State Route 587 and Township Road 96 in the Township of Big Spring, Seneca County, Ohio."* And, uh, he's been charged with not stopping after an accident on—in violation of Section 4549.02(A) of the Ohio Revised Code. And, of course, there's just been the plea to failure to control. * * * Uh, the Seneca County Sheriff's Incident Report indicates, uh, that, uhm, First Avenue received a request for a tow out of a ditch in the 3000 block of Township Road 66 in New Riegel. Advised vehicles, uh—and the driver—well, uh, the vehicle was found to be unoccupied. Uh, the male and female had been observed in the vehicle. The vehicle was towed to First Avenue, uh, with a holder until owner contacts Deputy Elliot.

And, then, on February 18th, 2007 Deputy Elliot writes, *"I was contacted by the registered owner of the vehicle. He advised he let Frank Provino borrow the vehicle. He advised Frank told him he was worried he would be in trouble for not having the registration in the vehicle so he left the scene. I advised the owner that Frank needed to contact our office and speak with me before the vehicle would be released.*

*"On February 19th, 2007 dispatch advised I had a public ser—I had a public service from a Frank Provino, this call was received around 6300, uh, 6:30 hours on February 19th, uh, 2007, uh, approximately 27 hours after the time of the crash. Frank was advised that he needed to come to our office and speak with me around 2300 hours on this day.*

*"On February 19th, 2007 at 2330 hours I spoke with Frank Provino. Frank stated he drove past the scene and knew he was in trouble for not having the registration and insurance in the vehicle. I asked Frank why he did not contact our office the following day. He stated he was unsure."*

(Emphasis sic.) The prosecutor also referred to an OH–1 accident report form, which the court apparently reviewed.

{¶ 9} Following a brief argument from defense counsel, the trial court began to read aloud R.C. 4549.021(A). However, defense counsel quickly directed the court to R.C. 4549.02(A), which was the correct statute. The court recognized its error and made no other reference to R.C. 4549.021(A). Therefore, we cannot find any prejudice to Provino and find no merit in his first argument.

{¶ 10} In finding Provino guilty, the court noted that it had considered the statute (R.C. 4549.02(A)) and the "face of this citation and Deputy Elliot's report," to which the OH–1 was attached. The evidence in this case is clear that Provino was operating a vehicle on a public road or highway when he lost control of the vehicle and it went into a ditch. The evidence is clear that Provino knew about the accident and that he failed to remain at the scene until he had given his information to one of the statutorily specified people (i.e., any person injured in the accident, the operator, occupant, owner, or attendant of any vehicle damaged in the collision, or to law enforcement officers on the scene). The evidence is clear that nobody was injured in the crash, that the vehicle's owner was not present at the time and place of the crash, and that no police officers were present at the time and place of the crash. The evidence is clear that the vehicle sustained damage on its left side and had to be towed.

{¶ 11} We do not believe that the explanation of circumstances set forth in this case was sufficient to prove a violation of R.C. 4549.02(A). The statute requires that the defendant's vehicle collide with either a pedestrian or another motor vehicle. See *State v. Spence,* 12th Dist. No. CA2002–02–012, 2002-Ohio-3600, 2002 WL 1495341, at ¶ 12. The evidence in this case is clear that Provino was involved in only a one-car accident with no pedestrian having been hit. In *Spence,* the defendant drove a friend's vehicle into a telephone pole, causing damage to the vehicle. Id. at ¶ 3. In this case, the defendant simply lost control and went into a ditch. In both cases, "[n]o person was injured nor any other motor vehicle damaged as a result of the accident." Id. at ¶ 12.

{¶ 12} Most of the cases reviewing R.C. 4549.02(A) refer to the statute as the "hit-skip" or "hit-and-run" statute. See generally *State v. Johnson,* 9th Dist. No. 22789, 2006-Ohio-2277, 2006 WL 1236058; *North Olmsted v. Gallagher* (1981), 2 Ohio App.3d 414, 2 OBR 490, 442 N.E.2d 470. Those cases all involve situations where the defendant strikes a pedestrian, a person riding a bike, or another vehicle where people are injured. This case does not present a similar scenario. R.C. 4549.02(A) also applies when drivers hit parked vehicles and leave the scene without stopping to provide their information. Again, this case does not present that type of situation. As stated above, the only person who suffered any injury in this case was the owner of the vehicle because the left side of the Envoy was

damaged. However, the owner already knew Provino's identity because he had allowed Provino to use the vehicle. On this record, we find the explanation of circumstances is insufficient to warrant a guilty finding under R.C. 4549.02(A). The sole assignment of error is sustained.

{¶ 13} The judgment of the Tiffin Municipal Court is reversed.

Judgment reversed.

SHAW, J., concurs.

ROGERS, P.J., concurs separately.

ROGERS, P.J., concurring separately.

{¶ 14} I concur with the majority's analysis. I write separately to comment on the trial court judge's statement that this was a "close case." Apparently, the trial court judge failed to recognize that because this was a criminal case, a finding of guilty required proof beyond a reasonable doubt. In a "close case" the factfinder might render a decision based on a preponderance of the evidence. But since this was a criminal proceeding, the degree of proof necessary—even on a plea of no contest—is proof beyond a reasonable doubt. The terms "close case" and "guilty beyond a reasonable doubt" cannot be reconciled. Anytime the factfinder is mentally flipping a coin, the finding must be not guilty, because the case has not been proven beyond a reasonable doubt.