[Cite as *State v. Teeple*, 2018-Ohio-1767.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO.  13-17-28

      v.

ROBERT A. TEEPLE,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. TRC 1700514

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:    May 7. 2018

APPEARANCES:

    *Eric Allen Marks* for Appellant

    *Charles R. Hall* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-Appellant, Robert A. Teeple ("Teeple") appeals his convictions from the Seneca County Tiffin-Fostoria Municipal Court of one count of Driving While Under the Influence ("OVI") in violation of R.C. 4511.19(A)(1)(a); one count Stopping after accident; exchange of identity and vehicle registration ("Hit-Skip") in violation of R.C. 4549.02; and one count of Operation Without Reasonable Control ("Failure to Control"), in violation of R.C. 4511.202. On appeal, Teeple argues that: (1) he was denied his right to effective assistance of counsel, and (2) the trial court erred in finding him guilty of failure to stop after an accident when there was insufficient evidence to make a finding of guilt. For the reasons set forth below, we reverse the ruling of the trial court as to Teeple's "Hit-Skip" conviction only.

*Factual and Procedural Background*

{¶2} On February 12, 2017, Trooper Sorg of the Ohio State Highway Patrol was dispatched to a one-vehicle injury accident in Seneca County. (8/31/2017 Tr. at 8). Trooper Sorg was advised that the driver was attempting to change a tire and was believed to be under the influence. (*Id.*). As a result of the dispatch, the Seneca County Sheriff's Office EMS responded to the area but could not locate the vehicle. (*Id.*). However, Officer Taggart, of the Fostoria Police Department, while in the area, was stopped by a motorist who stated that they saw a maroon minivan pulling

into the parking lot of the union hall without a front tire. (*Id.*). The vehicle description given to Officer Taggart matched the description of the vehicle involved in the crash to which Trooper Sorg was dispatched. (*Id.*).

{¶3} As a result of this information, Officer Taggart went to the United Auto Workers ("UAW") union hall in an attempt to locate the driver of the minivan. (*Id.*). Individuals at the union hall told Officer Taggart that they were aware of Teeple, the individual identified as the minivan's driver, being in the union hall building but they were not sure of his location therein. (*Id.*). So, Officer Taggart searched the UAW hall and found Teeple in the back room of the hall's kitchen with the lights off. (*Id.* at 8-9). Officer Taggart secured Teeple into the back of his patrol vehicle. (*Id.*).

{¶4} Thereafter, Trooper Sorg obtained information from a witness at the union hall who stated that they observed Teeple consume alcohol at the UAW hall earlier in the day, before his accident. (*Id.*). Another Ohio State Highway Patrol Officer, Trooper Donovan, obtained a statement from Teeple, wherein he (Teeple) stated that he had not consumed any alcohol prior to the crash but may have had three alcoholic drinks after the crash. (*Id.*). These witness accounts were part of Trooper Sorg's report.

{¶5} As a result of the Ohio State Highway Patrol's investigation, Teeple was charged with one (1) count of OVI, in violation of R.C. 4511.19(A)(1)(A); one

(1) count of Failure to Control, in violation of R.C. 4511.202; and one (1) count of Hit-Skip, in violation of R.C. 4549.02. (Doc. No. 1). Teeple's ticket alleged that at approximately 4:10 P.M. on February 12, 2017, Teeple was involved in an injury crash upon County Road 25. (*Id.*). Furthermore, Teeple's ticket also indicated that Teeple had five (5) prior OVI convictions, from: 2014, 1996, 1985, 1984, and 1982. (*Id.*). Trooper Sorg personally served Teeple with the traffic citation on February 12, 2017. (*Id.*).

**{¶6}** On February 14, 2017, Teeple's attorney filed written pleas of not guilty to all three charges on Teeple's behalf in the trial court. (Doc. No. 2). Teeple had his first pre-trial on March 27, 2017. (Doc. No. 4). A second pre-trial was scheduled, and it was indicated that Teeple was likely filing a motion to suppress by April 17, 2017. (*Id.*). However, a motion to suppress was never filed, and at Teeple's second pre-trial on May 2, 2017, Teeple's charges were set for a jury trial. (Doc. No. 5). At Teeple's final pre-trial on July 6, 2017, Teeple waived his right to a jury trial and a bench trial was scheduled for August 31, 2017. (Doc. No. 10).

**{¶7}** On his scheduled bench trial date, Teeple changed his pleas of not guilty to pleas of no contest to all charges. (Doc. No. 22). Upon his plea of no contest, the trial court found Teeple guilty on all three counts and imposed a jail sentence, fines, and probation conditions on Teeple. (8/31/2017 Tr. at 9-10; Doc. No. 22).

From this judgment Teeple appeals, and presents the following assignments of error

for our review:

**ASSIGNMENT OF ERROR NO. I**

**APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 1, 2, 10, 16, & 19 OF THE OHIO CONSTITUTION.**

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF [*SIC*] STOPPING AFTER AN ACCIDENT WHEN THERE WAS INSUFFICIENT EVIDENCE UPON WHICH A FINDING [*SIC*] GUILT COULD BE MADE.**

{¶8} Given the nature of the assignments of error, we elect to address them

out of order.

*Second Assignment of Error*

{¶9} In his second assignment of error, Teeple argues that this Court must

dismiss his Hit-Skip conviction because the trial court lacked sufficient evidence

upon which a finding of guilt could be made. For the reasons that follow, we agree

and reverse the ruling of the trial court.

*Standard of Review*

{¶10} "R.C. 2937.07 states: "A plea to a misdemeanor offense of 'no contest'

or words of similar import shall constitute a stipulation that the judge or magistrate

may make a finding of guilty or not guilty from the explanation of the circumstances

of the offense.'" *State v. Provino*, 175 Ohio App.3d 283, 2007-Ohio-6974, 886 N.E.2d 888, ¶ 5. "To find a defendant guilty, 'the record must provide an 'explanation of circumstances' which includes a statement of the facts supporting all of the essential elements of the offense.'" *Id.* quoting *Broadview Hts. v. Krueger*, 8th Dist. Cuyahoga No. 88998, 2007-Ohio-5337, 2007 WL 2875156, at ¶ 10. "This rule prevents the trial court from finding offenders guilty 'in a perfunctory fashion.'" *Broadview*, at ¶ 10, citing *City of Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148, 150, 459 N.E.2d 532 (1984).

*Analysis*

**{¶11}** In this case, Teeple was convicted of Hit-Skip, in violation of R.C. 4549.02, which reads:

> (A)(1) In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision. The operator shall remain at the scene of the accident or collision until the operator has given the operator's name and address and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:
>
> > (a) Any person injured in the accident or collision;
> >
> > (b) The operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision;
> >
> > (c) The police officer at the scene of the accident or collision.

(2) In the event an injured person is unable to comprehend and record the information required to be given under division (A)(1) of this section, the other operator involved in the accident or collision shall notify the nearest police authority concerning the location of the accident or collision, and the operator's name, address, and the registered number of the motor vehicle the operator was operating. The operator shall remain at the scene of the accident or collision until a police officer arrives, unless removed from the scene by an emergency vehicle operated by a political subdivision or an ambulance.

(3) If the accident or collision is with an unoccupied or unattended motor vehicle, the operator who collides with the motor vehicle shall securely attach the information required to be given in this section, in writing, to a conspicuous place in or on the unoccupied or unattended motor vehicle.

(B)(1) Whoever violates division (A) of this section is guilty of failure to stop after an accident. Except as otherwise provided in division (B)(2) or (3) of this section, failure to stop after an accident is a misdemeanor of the first degree.

R.C. 4549.02.

**{¶12}** In finding Teeple guilty of Hit-Skip, the trial court relied on the face of the citation, Trooper Sorg's police report, and Teeple's plea of no contest. (8/31/2017 Tr. at 9). As to the Hit-Skip charge, Teeple's citation contains the following: the accident date and time; the make, model, year, and color of his vehicle; Teeple's personal information; and the revised code section relative to the charge of Hit-Skip. (Doc. No. 1).

**{¶13}** Further, as to Teeple's plea of no contest, the following exchange with the trial court took place:

**The Court:** And, Mr. Callejas, how does your client propose to plea?

**Mr. Callejas (attorney for Teeple):** Your Honor, at this point, we would withdraw our formerly-tendered not-guilty pleas to each of the charges and enter guilty pleas to Counts A, B, and C.

**The Court:** All right. Is that no contest?

**Mr. Callejas:** Yes. No contest with a consent finding. We acknowledge that there are sufficient facts and circumstances for the Court to make a finding of guilty.

**The Court:** And you understand, Mr. Teeple, by entering a plea of no contest, you're admitting the truth of the facts as alleged on the face of the ticket?

**Teeple:** Yes, I do.

**The Court:** And you understand what the maximum possible penalties are.

**Teeple:** Yes, I do.

**The Court:** At this time, I'll accept your pleas of no contest. Mr. Callejas, anything you want to tell me about what happened?

**Mr. Callejas:** Your Honor, Mr. Teeple, after a union meeting, left the union hall, dropped his phone, reached for his phone, unfortunately went off the road, hit a sign. Did not even realize he hit the sign.

**The Court:** Okay.

**Mr. Callejas:** Started changing his tire, saw there were some difficulties, drove back to the union hall. At least at the union hall, Your Honor, and led to some drinking.

\* \* \*

(8/31/2017 Tr. at 5-6).

{¶14} And lastly, the trial court referenced Trooper Sorg's police report prior to finding Teeple guilty of the Hit-Skip charge.  (*Id.* at 9).  The trial court read the following part of the report into the record:

> **The Court:  All right.  Let me just read over the police report.**
>
> **[The Court (reading from the police report)]: "Your Honor: On February 12th, 2017, I was dispatched to a one-vehicle injury accident on County Road 25 near Township Road 84.  I was advised the driver was attempting to change a tire, was under the influence.**
>
> **Seneca County Sheriff's Office EMS arrived in the area, could not locate the vehicle.  While still attempting to locate the vehicle, Fostoria Police Department was stationary on North Union Street, south of Johns Road.**
>
> **Passer-bys [sic] stopped him and advised Officer Taggart they observed a maroon minivan without a front tire pulling into the parking lot of the union hall.  The vehicle matched the description involved in the crash.**
>
> **Officer Taggart went to the UAW to attempt to locate the driver.  When arrived inside, he spoke with a couple of subjects who acknowledged that they were not sure where he went.  They later stated that he was in the building but unknown where he went.**
>
> **Arrived at the UAW hall and spoke with the two subjects.  Officer Taggart located Mr. Teeple in the back room of the kitchen with the lights off attempting to hide."**
>
> **[The Court]:  Is that what you thought, Sergeant?**
>
> **Trooper Sorg:  Yes, sir.**

> **The Court [continuing reading the police report]:** "Officer Taggart secured Mr. Teeple and placed him in the back of Trooper Donovan's patrol car. Arrived on the scene. Obtained the statement from both subjects that were inside the UAW hall.
>
> Observed Mr. Teeple consumed alcohol while at the UAW hall earlier in the day, but before the crash. Did not know if he had consumed any after returning.
>
> Trooper Donovan obtained a statement from Mr. Teeple stating that he did not consume any alcohol prior to the crash but may have had three afterwards. Stated he consumed a beer, then had Mr. Teeple come back to the patrol car." (Reading incoherently). "Okay. Sorry for making me handle this accident."
>
> **[The Court]:** Trooper Sorg, since I have you here, is there anything else that you want to add, anything else you think I should take into consideration aside from the report?
>
> **Trooper Sorg:** No, sir.
>
> **The Court:** All right. Based upon my review of Trooper Sorg's report, the face of the citation, and your pleas of no contest, there will be fines[1] of guilty in all three cases.

(8/31/2017 Tr. at 9-10).

{¶15} Teeple argues on appeal that the citation, the plea colloquy, and police report, were void of evidence of the statutory elements of R.C. 4549.02 to support a guilty finding by the trial court. In support, Teeple directs us to the decisions in *State v. Spence* and *State v. Provino*.

---

[1] While the record contains "fines of guilty in all three cases," such transcript appears to be nothing more than a "scrivener's error." As the transcript is clear and convincing that the trial court made "findings of guilty in all three cases," we disregard the "fines" language.

{¶16} In *State v. Spence,* a driver hit a utility pole adjacent to a highway and was charged with a violation of R.C. 4549.02(A). *State v. Spence,* 12 Dist. Clermont No. CA2002-02-012, 2002-Ohio-3600, ¶ 13. In *Spence,* the driver pled no contest to the charge, was convicted, and then appealed the conviction to the Twelfth District Court of Appeals. That appellate court reversed the conviction, based on the following reasoning:

> In the case at bar, the explanation of circumstances is insufficient to warrant a guilty finding under R.C. 4549.02. By its very terms, R.C. 4549.02 provides that any accident subject to the section involves a collision with either a pedestrian or another motor vehicle. Here, there was no accident or collision involving a pedestrian or another vehicle. No person was injured nor any other motor vehicle damaged as a result of the accident.
>
> The facts of this case are more compatible with R.C. 4549.03 as they involve a collision with property located adjacent to a highway. Given that R.C. 4549.03 applies, it is highly unlikely that appellant could have readily determined the owner of the utility pole at 2:00 a.m., or that he had an adequate opportunity to identify the owner of the utility pole before being arrested. Furthermore, appellant was still well within the 24-hour period for reporting such an accident when he was arrested.

*Spence* at ¶¶ 12-13.

{¶17} Teeple further points us to our own decision in *State v. Provino,* where we followed *Spence*. *Provino*, 175 Ohio App.3d 283, 2007-Ohio-6974, 886 N.E.2d 888. In *Provino,* a driver slid off the road into a ditch and sustained damage to his own vehicle. *Id.* at ¶ 2. The driver in *Provino* pled no contest to a violation of R.C.

4549.02(A), was convicted, and appealed to this Court. We reversed *Provino*'s

conviction, holding that:

> We do not believe that the explanation of circumstances set forth in this case was sufficient to prove a violation of R.C. 4549.02(A). The statute requires that the defendant's vehicle collide with either a pedestrian or another motor vehicle. *See State v. Spence*, 12th Dist. No. CA2002–02–012, 2002-Ohio-3600, 2002 WL 1495341, at ¶ 12. The evidence in this case is clear that Provino was involved in only a one-car accident with no pedestrian having been hit. In Spence, the defendant drove a friend's vehicle into a telephone pole, causing damage to the vehicle. *Id.* at ¶ 3. In this case, the defendant simply lost control and went into a ditch. In both cases, "[n]o person was injured nor any other motor vehicle damaged as a result of the accident." *Id.* at ¶ 12.
>
> Most of the cases reviewing R.C. 4549.02(A) refer to the statute as the "hit-skip" or "hit-and-run" statute. *See generally State v. Johnson*, 9th Dist. No. 22789, 2006-Ohio-2277, 2006 WL 1236058; *North Olmsted v. Gallagher* (1981), 2 Ohio App.3d 414, 2 OBR 490, 442 N.E.2d 470. Those cases all involve situations where the defendant strikes a pedestrian, a person riding a bike, or another vehicle where people are injured. This case does not present a similar scenario. R.C. 4549.02(A) also applies when drivers hit parked vehicles and leave the scene without stopping to provide their information. Again, this case does not present that type of situation. As stated above, the only person who suffered any injury in this case was the owner of the vehicle because the left side of the Envoy was damaged. However, the owner already knew Provino's identity because he had allowed Provino to use the vehicle. On this record, we find the explanation of circumstances is insufficient to warrant a guilty finding under R.C. 4549.02(A).

*Id.* at ¶¶ 11-12.

{¶18} We find the case at hand factually similar to *Spence*. Teeple, like

*Spence,* hit a road sign adjacent to the road at approximately 4:10 p.m. on February

-12-

12, 2017. (*See,* Doc. No. 1; 8/31/2017 Tr. at 6). Teeple then left the scene before law enforcement officers arrived. Even though Teeple was located by law enforcement at the UAW hall later that day, Teeple's citation unequivocally indicates that Teeple was served with it on February 12, 2017, the same day the accident occurred. As such, Teeple was within the 24-hour period to report an accident (to law enforcement) when he was served with his Hit-Skip citation. (*Id.*). (See R.C. 4549.021)

{¶19} While *Provino* is not as factually analogous to the case *sub judice* as *Spence,* it is instructive because it emphasizes that a key element of R.C. 4549.02(A) includes a "failure to notify" component. Thus, in order to find Teeple guilty of Hit-Skip, in violation of R.C. 4549.02, multiple elements must exist, including that there was an accident to, or collision with, persons or property upon the roadway, *and* that Teeple failed to report the accident to all of the following people before he left the scene: to "(a) [a]ny person injured in the accident or collision; (b) [t]he operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision; and (c) [t]he police officer at the scene of the accident or collision." R.C. 4549.02(A).

{¶20} First, we find the record void of evidence that Teeple's accident occurred "on a pubic road or highway." Rather, the record reveals that Teeple went off the roadway into a ditch and then struck a road sign. Therefore, the explanation

of circumstances provided to the trial court (in the citation, plea colloquy, and police report) was insufficient to establish the first prong under R.C. 4549.02, that Teeple's accident occurred "upon the roadway."

{¶21} Next, and in regards to the second prong of R.C. 4549.02, the explanation of circumstances revealed that Trooper Sorg was dispatched to an "injury accident." However, there is no evidence in the record suggesting that Teeple was involved in an *injury* accident. Moreover, the record suggests that Teeple was the operator and/or owner of the motor vehicle that was involved in only an accident. And, because his vehicle was the only vehicle involved in the accident, he had no duty to notify himself of the accident.

{¶22} And lastly, the record reveals that the law enforcement official who arrived at the scene did not locate any vehicle or any person involved in an accident. As such, Teeple was not able to report his accident to the police officer at the scene.

{¶23} As the State was required to present circumstances that Teeple failed to properly notify a specified person under the statute in the event of a qualifying accident to, or collision with, persons or property upon the roadway, (and we find no evidence that Teeple failed to report this incident to the statutorily specified individuals) we find that the evidence in the record is insufficient to prove the necessary elements of Hit-Skip under R.C. 4549.02(A).

{¶24} Therefore, Teeple's second assignment of error is sustained as to his conviction of Hit-Skip.

*First Assignment of Error*

{¶25} In his first assignment of error, Teeple argues that his counsel was ineffective because: (1) his counsel failed to file a motion to suppress; (2) his counsel failed to secure a dismissal or finding of not guilty on Teeple's Hit-Skip charge; and (3) his counsel failed to inform him (Teeple) that he had an absolute defense to the Hit Skip charge. For the reasons that follow, we disagree.

*Standard of Review*

{¶26} "'When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that the counsel's representation fell below an objective standard of reasonableness.'" *State v. Sanders,* 94 Ohio St.3d 150, 151, 2002-Ohio-350, 761 N.E.2d 18 quoting *Strickland v. Washington,* 466 U.S. 668, 687-88, 104 S. Ct. 2052 (1984). Additionally, "'[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *Id.,* at 694. *See also, State v. Bradley,* 42 Ohio St.3d 136, 137, 538 N.E.2d 373 (1989).

{¶27} In analyzing a claim for ineffective assistance of counsel, this court's scrutiny of counsel's performance must be highly deferential, with a "'strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance.'" *Bradley, supra,* at 142, quoting *Strickland, supra,* at 687-88. "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *Id.*

*Analysis*

*Motion to Suppress*

{¶28} Teeple initially argues that his trial counsel was ineffective for failing to file a motion to suppress. Specifically, Teeple argues that his counsel should have filed a motion to suppress because the record demonstrates that police officers entered the United Auto Workers ("UAW") hall without a warrant, without permission from the organization, and without any applicable exceptions to the warrant requirement present. Teeple further argues that after officers entered the hall without permission and spoke to patrons, they conducted a warrantless search of the premises, resulting in Teeple being located and confessing to consuming alcohol. Teeple contends that without the fruits of the unwarranted search of the UAW hall, the State would not have had sufficient evidence to proceed to trial on the OVI charge and Teeple would not have entered a no contest plea to all three charges contained within his citation.

{¶29} However, we note that the "'failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel.'" *State v. Madrigal,* 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52 quoting *Kimmelman v. Morrison,* 477 U.S. 365, 384, 106 S.Ct. 2574 (1986). "There must also be a reasonable probability that the motion will be successful." *State v. Newsome,* 3rd Dist. Putnam No. 12-12-03, 2012-Ohio-6119, ¶ 46 citing *State v. Ligon,* 3rd Dist. Defiance No. 4-2000-25, *2. Thus, this Court's determination of whether Teeple's trial counsel was ineffective relies upon whether there was a reasonable probability that a motion to suppress would have been successful. *Id.; see also State v. Pierce,* 3rd Dist. Paulding No. 11-09-05, 2010-Ohio-478, ¶ 34.

{¶30} "The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect individuals against unreasonable searches and seizures by the government, and they protect privacy interests where an individual has a reasonable expectation of privacy." *State v. Barnes,* 3rd Dist. Marion No. 9-16-58, 2017-Ohio-7284, ¶ 9 citing *State v. Fielding,* 10th Dist. Franklin Nos. 13AP-654, 13AP-655, 2014-Ohio-3105, 15 N.E.3d 912, ¶ 15. "An expectation of privacy is protected where an individual has manifested a subjective expectation of privacy and that expectation is one that society recognizes as reasonable." *Id.* "Evidence seized in violation of the Fourth Amendment will be suppressed pursuant to the exclusionary rule." *City of Marion v. Brewer,* 3rd Dist.

Marion No. 9-08-12, 2008-Ohio-5401, ¶ 8. However, a defendant must have a reasonable expectation of privacy in the evidence seized for standing to challenge the search or seizure, and bears the burden of establishing that he/she had a legitimate expectation of privacy in the area searched. *Id.*

**{¶31}** Teeple directs this Court to the United States Supreme Court decision of *Mancusi v. DeForte*, for the proposition that union members have an expectation of privacy within their union hall. *Mancusi v. DeForte,* 392 U.S. 364, 88 S.Ct. 2120 (1968). We are unpersuaded by such authority, however, because *Mancusi's* standing analysis for a Fourth Amendment violation was conducted in the context of a union official who had his union office searched by law enforcement officials. *Id.* at 369. There is nothing in the record before us to suggest that Teeple was a UAW employee who had his office, at the UAW hall searched. Rather, Teeple was a UAW member who hid at the local hall to evade police detection. Accordingly, we find Teeple's situation factually distinguishable from *Mancusi.*

**{¶32}** Furthermore, *Mancusi* reiterated the United States Supreme Court decision in *Katz v. United States,* which "ma[de] it clear that the capacity to claim the protection of the [Fourth] Amendment depends not upon a property right in the invaded place but upon whether the area was one in which there was a reasonable expectation of freedom from governmental intrusion." *Id.* citing *Katz v. United States,* 389 U.S. 347, 352, 88 S.Ct. 507 (1967). In examining the record, we cannot

say that Teeple had a reasonable expectation of privacy when hiding in the kitchen of the UAW hall.

**{¶33}** Nonetheless, Teeple attempts to construe the Ohio Supreme Court decision in *AL Post 763 v. Ohio Liquor Control Comm.,* to support his proposition that a private club has a limited expectation of privacy due to administrative rules attached to liquor permits. *See, AL Post 763 v. Ohio Liquor Control Comm.,* 82 Ohio St.3d 108, 1998-Ohio-367, 694 N.E.2d 905. However, in *AL Post* 763, the Ohio Supreme Court specifically stated that they were only considering the *permit holder's* expectation of privacy in the context of an administrative search conducted to monitor compliance with Ohio liquor laws and regulations. *Id.* at 113. In the case *sub judice,* Teeple was not found during an administrative search, and was not the permit holder of the commercial property. Thus, Teeple's *AL Post 763's* argument is misplaced.

**{¶34}** Because Teeple has failed to demonstrate to this Court that he had a reasonable expectation of privacy in the UAW hall, and that there was a reasonable probability that a motion to suppress would have been successful in the trial court if filed, we find no merit in this prong of Teeple's ineffective assistance of counsel claim.

*Failure to Secure a Dismissal or Finding of Not Guilty & Failure
to Inform Appellant of an Absolute Defense to Hit-Skip*

{¶35} Appellant's second and third arguments under this assignment of error applies only to counsel's ineffective assistance on his Hit-Skip charge. And because we have reversed that conviction herein, we moot these arguments under this assignment and overrule Teeple's first assignment of error in its entirety.

*Conclusion*

{¶36} Finding error prejudicial to Teeple herein in the particulars assigned and argued, we sustain Teeple's second assignment of error and overrule and moot Teeple's first assignment of error.

{¶37} Accordingly, for the aforementioned reasons, it is the order of this Court that the Judgment Entry of the Tiffin-Fostoria Municipal Court relative to Teeple's conviction under R.C. 4549.02 (i.e. Hit-Skip) be, and hereby is, reversed. However, the remainder of the trial court's Judgment Entry is affirmed.

*Judgment Affirmed in Part,
Reversed in Part and
Cause Remanded*

**PRESTON, J., concurs.**
**/jlr**

**WILLAMOWSKI, P.J., concurring separately.**

{¶38} I concur fully with the majority opinion as to the second assignment of error. I concur with the majority as to the first assignment of error to the extent

that the majority has properly addressed the first and second arguments made by the appellant therein. However, I would address the third argument made by the appellant in his first assignment of error as this argument relates to the appellant's plea to the OVI charge rather than the hit-skip charge.