[Cite as *State v. Reams*, 2026-Ohio-960.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Rossford         Court of Appeals No. WD-25-049

     Appellee

v.                                    Trial Court No. TRC2500822

David A. Reams

                                       **<u>DECISION AND JUDGMENT</u>**

     Appellant

                                       Decided: March 20, 2026

* * * * *

Gina M. Wasserman, for appellee.

David A. Reams, pro se, for appellant.

* * * * *

**ZMUDA, J.**

## I.      Introduction

{¶ 1} Appellant, David Reams, appeals the July 28, 2025 judgment of the Perrysburg Municipal Court convicting him of reckless operation and failing to stop after an accident on a public roadway. Appellant, who is pro se, raises three assignments of

error, two of which challenge the trial court's guilty findings as unsupported by sufficient evidence and one of which raises ineffective assistance of counsel. For the reasons that follow, we reverse in part and affirm in part the trial court's judgment.

## II. Facts and Procedural History

{¶ 2} On March 1, 2025, a complaint was issued against appellant alleging that appellant failed to stop after an accident on a public roadway in violation of R.C. 4549.02 and operated a vehicle while under the influence of alcohol or a drug of abuse (OVI) in violation of R.C. 4511.19(A)(1).

{¶ 3} The charges stemmed from an incident that occurred during the early morning hours of March 1, 2025 in which appellant drove off from a public roadway and drove through the center of a roundabout in Rossford, Ohio, damaging a sidewalk, the curb, and landscaping, and then returned to the roadway and continued driving home. A contractor working in appellant's neighborhood observed that appellant's vehicle had significant damage and notified the police. Before arriving at appellant's home, police discovered the damage in the roundabout. Upon arriving at appellant's home, police observed significant damage to the wheels of appellant's vehicle. Appellant initially admitted to causing the damage in the roundabout but later denied doing so. Local establishments reported to police that appellant had ordered multiple alcoholic beverages the night before, but police did not conduct any tests to determine whether appellant was under the influence of alcohol at the time they arrived at appellant's home.

{¶ 4} At a plea hearing on June 9, 2025, appellant entered a plea of guilty to failure to stop after an accident on a public roadway in violation of R.C. 4549.02. The

2.

State recommended that due to evidentiary considerations, the OVI charge be amended to reckless operation with a predicate motor vehicle or traffic offense conviction within a year in violation of R.C. 4511.20, elevating that offense to a fourth-degree misdemeanor from a minor misdemeanor. The trial court amended the charge, and appellant pleaded guilty to reckless operation. After engaging in a plea colloquy, the trial court accepted appellant's guilty plea as to both offenses, ordered a presentence investigation, and scheduled a sentencing hearing.

{¶ 5} At the following hearing on July 28, 2025, with no objection from the State, appellant moved to withdraw his guilty plea. Appellant's counsel informed the court that appellant planned to plead no contest for failure to stop after an accident on a public roadway. He also planned to plead no contest to reckless operation as a second offense, a fourth-degree misdemeanor. The State recommended that the trial court accept the no-contest plea, and the trial court granted appellant's motion to withdraw his guilty plea and held a second plea hearing.

{¶ 6} During that plea hearing, the State explained the basis for the charges as follows:

> Your Honor, if this matter proceeded to hearing, State would show that on or about March 1, 2025, while on patrol Rossford Police received a report from Perrysburg Township Police Department that a vehicle had been called in about having damage. A contractor had noticed that a vehicle parked in Waterford Drive in Perrysburg Township, Judge, had had damage to it. There was also a tire laying in the front yard. While monitoring this over the radio, Rossford PD was made aware of an accident that had taken place at the intersections of Lime City and Dixie Highway [State Route 65] in the City of Rossford, County of Wood, State of Ohio, Your Honor,

3.

within the jurisdiction of this court. They observed that damage, there was damage to landscaping and a sidewalk at the roundabout. …

When Rossford officers also arrived on scene along with the Perrysburg Township Officers at the Waterford Drive address where this individual resides, officers for Rossford had come to know that at least at some point in the conversation with Perrysburg Township the defendant David Reams admitted to having been in that accident and not staying at the scene. I will tell the Court alternately when Rossford officers had a similar conversation with this individual, he was not interested in answering those questions, ultimately, Judge. Photographs were taken of the vehicle in question belonging to Mr. Reams, the vehicle that they believed was in the accident and had been damaged. The front driver's side wheel was on its rim; the back driver's side tire had been ripped up. And, Judge, the officers along with Perrysburg Township felt that this was consistent with the information that they had been given along with the information from the defendant and an individual who had seen the vehicle heading towards the Waterford Drive address at or about the same time, Judge. This would be this contractor who was working that morning that the accident was to have reported to have happened, Judge.

The State provided the following additional details about the damage caused by

appellant's driving:

There was a chip to the roundabout. There was also damage done to some landscape at the property that would have been attributable to this individual, the accident this individual caused. There was debris and there were tire tracks on the roundabout, Judge.

The trial court also inquired into the basis for the elevated reckless operation charge, as

follows:

THE COURT: Well, one concern I have with the reckless op second offense is there is no prior reckless operation which would be the elevated offense.

[THE PROSECUTOR]: That's correct, Judge. It's my understanding that by stipulation, and if the Court is willing to accept that, that is what counsel intends to stipulate to, [appellant's trial counsel], as well in order to reach the resolution that we intended to reach, Judge.

[APPELLANT'S TRIAL COUNSEL]: That's correct, Your Honor.

The trial court then inquired whether the facts presented by the State were sufficient to support a guilty finding:

> THE COURT: And, [appellant's trial counsel], the facts that the State has set forth, would they be sufficient for a finding of guilt in your opinion?
>
> [APPELLANT'S TRIAL COUNSEL]: They will.
>
> THE COURT: And, again, Mr. Reams, is no contest in fact your plea?
>
> [APPELLANT'S TRIAL COUNSEL]: Your Honor, my client indicates he's not willing to consent to the finding. Consent to the facts, but not that establishes his guilt.

Finally, the trial court accepted appellant's no contest plea and made a finding of guilt, as follows:

> I do find the State has placed facts sufficient for a finding of guilt [with] the stipulation as to the prior for purposes of this plea. And I do find the no contest plea is knowingly, voluntarily and intelligently entered. I do find sufficient factual basis, and I do find you guilty of both the hit-skip, leaving the scene, under section 4549.02 of the Revised Code as well as a reckless operation second offense under 4511.20. Let's proceed to sentencing.

Appellant did not object to or otherwise challenge the trial court's findings of guilt.

{¶ 7}  At the July 21, 2025 sentencing hearing, the trial court imposed the following sentence for the failure to stop offense: a 180-day prison term, of which he suspended 150 days; two years of probation with court-approved substance abuse treatment; a 12-month license suspension, a $500 fine; and court costs. As to the reckless operation offense, the court sentenced appellant to 30 days in jail, all of which the court suspended; no fine; no costs; and probation for two years.

5.

Appellant timely appealed.

### III.    Assignments of Error

On appeal, appellant asserts the following assignments of error for our review:

1. The trial court erred in finding defendant/appellant guilty of failure to stop after an accident when there was insufficient evidence upon which a finding of guilt could be made.

2. The trial court erred in finding defendant/appellant guilty of reckless operation M4 when there was insufficient evidence upon which a finding of guilt could be made.

3. Appellant was denied his right to effective assistance of counsel in his counsel failing to object to said respective findings of guilt and sentence.

### IV.    Law and Analysis

### A.  Explanation of Circumstances

{¶ 8} Appellant's first two assignments of error challenge his finding of guilty on each of offense as unsupported by a sufficient explanation of circumstances.  He contends that the explanation of circumstances provided by the State during his plea hearing contained insufficient facts to establish the elements of the two offenses and therefore his convictions must be vacated.  Further, he argues that double jeopardy should attach and therefore any further proceedings on these offenses must be barred.

{¶ 9} Because appellant pleaded no contest to first- and fourth-degree misdemeanors, the State was required to provide an explanation of circumstances for each offense, as follows:

> A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or

6.

not guilty from the explanation of the circumstances of the offense. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of "no contest" or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding.

R.C. 2937.07. Though the statute does not specify what must be included in an explanation of circumstances, this court has stated that an explanation of circumstances must provide "evidence sufficient to demonstrate the accused's criminal liability on the standards imposed by R.C. 2901.21 ['Requirements for criminal liability'] with respect to the offense alleged." *State v. Hair*, 2023-Ohio-2423, ¶ 15 (6th Dist.), quoting *State v. Ostrander*, 2011-Ohio-3495, ¶ 24 (6th Dist.), quoting *State v. Keplinger*, 1998 WL 864837, *3 (2d Dist. Nov. 13, 1998).

{¶ 10} Although the State has the burden to ensure a sufficient explanation of circumstances is in the record before the trial court makes a guilty finding, the explanation of circumstances may come from sources other than the State's recitation of the facts. *Hair* at ¶ 14. Indeed, "it is 'immaterial who actually states the explanation on the record [but] the record must affirmatively demonstrate that a sufficient explanation of circumstances was made.'" *State v. Holley*, 2020-Ohio-5104, ¶ 21 (2d Dist.), quoting *State v. Schornack*, 2015-Ohio-3383, ¶ 8 (2d Dist.). "[T]he explanation of circumstances might even come from a statement by the accused who entered the plea." *State v. Johnson*, 2024-Ohio-1089, ¶ 27 (12th Dist.), quoting *Keplinger* at *2.

7.

{¶ 11} The purpose of requiring an explanation of circumstances is to permit a trial court to make the appropriate finding based on the facts presented to the court. "[T]he explanation-of-circumstances requirement is best understood as providing a level of procedural protection to the defendant. It allows the court to find a defendant not guilty when the facts of the case do not rise to the level of a criminal violation." *City of Girard v. Giordano*, 2018-Ohio-5024, ¶ 20. In *Giordano*, the Ohio Supreme Court explained that unlike in a case in which the State failed to set forth any explanation of circumstances whatsoever, "had the explanation of circumstances [provided by the State] revealed that the defendant did not [commit one element of the offense], the [appellate] court would have reversed the conviction and discharged him from further prosecution due to insufficiency of the evidence." *Id*. at ¶ 18.

### 1. First Assignment of Error

{¶ 12} Here, appellant's first assignment of error alleges that the State's explanation of circumstances was insufficient to support the trial court's finding of guilt as to the failure to stop after an accident on a public road or highway in violation of R.C. 4549.02. Appellant points out that the property damage cited by the State in its explanation of circumstances occurred to property located off the public road. As such, appellant contends that the State did not present any evidence that the accident occurred on a public road or highway as required by R.C. 4549.02.

{¶ 13} In contrast to R.C. 4549.021 and R.C. 4549.03, which concern the failure to stop after an accident on property other than a public road or highway, R.C. 4549.02 concerns only a "a motor vehicle accident or collision with persons or property *on* a

8.

public road or highway." (Emphasis added.). Accordingly, an essential element of R.C. 4549.02 is that the accident or collision must have occurred on a public road or highway, and evidence of damage to property surrounding a public road or highway, including property immediately adjacent to the road itself such as property in the road's shoulder, is insufficient to support that element. *See State v. Teeple*, 2018-Ohio-1767, ¶ 20 (3rd Dist.) (holding that the State's explanation of circumstances was insufficient to support a finding of guilty on R.C. 4549.02 where appellant drove off the road into a ditch and struck a sign located on the side of the road). Moreover, several Ohio appellate courts have held that driving off the road and striking a utility pole located on the side of the road is insufficient to support a conviction for violating R.C. 4549.02. *See State v. Murphy*, 2023-Ohio-4825, ¶ 25-33 (2d Dist.) (collecting cases). Indeed, all Ohio courts that have considered a conviction for R.C. 4549.02 where the evidence was limited to damage outside the roadway have vacated the conviction. *See, e.g., State v. Cutlip*, 2018-Ohio-726, ¶ 9-11 (9th Dist.) (appellant crashed into mailbox and ditch); *State v. Mills*, 2014-Ohio-3563, ¶ 8-9 (5th Dist.) (appellant drove off road onto private property, damaging landscaping, fencing, and patio furniture); *State v. Spence*, 2002-Ohio-3600, ¶ 13-14 (12th Dist.) (appellant hit a utility pole). Any explanation of circumstances regarding R.C. 4549.02 must, therefore, allege that the accident or collision occurred on a public road.

{¶ 14} The State's explanation of circumstances in this case described an accident or collision on the roadway. The State asserted that "an accident … had taken place at the intersection[] of Lime City and Dixie Highway [State Route 65] in the City of

9.

Rossford." Notably, the State's explanation of circumstances asserted that a roundabout was located at that intersection, and the State alleged damage occurred to landscaping, a sidewalk, and a curb on the interior of the roundabout. Just as a road's shoulder is not located on the public road, the landscaping, the sidewalk, and a curb on the interior of a roundabout are not located on a public road. The State's recitation of facts, therefore, only alleged that appellant damaged property that was not part of a public road or highway.[1] Because the State's explanation of circumstances "revealed that the defendant did not [commit one element R.C. 4549.02], [this court] reverse[s] the conviction and discharge[s] him from further prosecution due to insufficiency of the evidence." *Giordano* at ¶ 18. A finding of guilty following a no-contest plea supported by an insufficient explanation of circumstances is the functional equivalent of an acquittal due to insufficiency of the evidence; thus, retrial is barred. *State v. Schuster*, 2023-Ohio-3038, ¶ 21 (1st Dist.).

{¶ 15} Accordingly, appellant's first assignment of error is found well-taken.

## 2. Second Assignment of Error

{¶ 16} In his second assignment of error, appellant contends that the State's explanation of circumstances was insufficient to support the trial court's finding of guilty on reckless operation in violation of R.C. 4511.20. Appellant argues that the State's explanation of circumstances was "entirely devoid of any facts that would demonstrate

---

[1] Notably, these facts may have been sufficient to support a finding of guilt under R.C. 4549.021 or 4549.03, but the State did not charge appellant with violating either of those statutes, and therefore our analysis is confined to whether the State's explanation of circumstances supported the trial court's finding of guilt under R.C. 4549.02.

10.

the manner of [his] driving [was] in 'willful or wanton disregard of safety of persons or properties'" as required by R.C. 4511.20. Appellant also contends that although he stipulated to the predicate prior offense required to support the elevation of reckless operation to a fourth-degree misdemeanor, doing so did not waive the State's obligation to provide an explanation of circumstances on that element of the offense.

{¶ 17} R.C. 4511.20(A) provides that "[n]o person shall operate a vehicle … on any street or highway in willful or wanton disregard of the safety of persons or property." R.C. 4511.20(B) provides that "[i]f, within one year of [violating R.C. 4511.20], the offender previously has been convicted of or pleaded guilty to one predicate motor vehicle or traffic offense, whoever violates this section is guilty of a misdemeanor of the fourth degree."

{¶ 18} During the plea hearing, the State's explanation of circumstances described appellant causing damage with his vehicle to the center of a roundabout located on a state route and then continuing home in a vehicle with significant damage to two of its wheels, leaving no conclusion other than appellant drove off from the roadway through the center of a roundabout and then returned to the roadway and continued driving in an unsafe vehicle. Driving through the center of a roundabout large enough to contain a sidewalk and landscaping, either intentionally or due to a lack of sufficient attention to the roadway such that appellant failed to notice the roundabout until he had driven into the roundabout's interior, supports a finding that appellant was operating his vehicle in a manner in which he willfully disregarded the safety of persons or property. The State's

11.

explanation of circumstances therefore was sufficient to support the trial court's finding of guilt as to reckless operation.

{¶ 19} As to elevating the offense to a fourth-degree misdemeanor based on a predicate prior offense, appellant is correct that "a no contest plea with a stipulated finding of guilt must be accompanied by conduct on the part of the defendant that objectively indicates a clear intention to waive the explanation of circumstances." *State v. Korossy*, 2017-Ohio-7275, ¶ 16 (6th Dist.), citing *State v. Brown*, 2017-Ohio-678, ¶ 13 (3d Dist.). Here, because appellant consented to the facts alleged by the State but did not consent to a finding of guilt, he contends that his stipulation to the prior offense cannot be construed as waiving the State's burden to provide an explanation of circumstances as to that element of the elevated offense. However, appellant misconstrues the nature of his stipulation as to the prior offense. Appellant did not stipulate to a guilty finding or make a general stipulation as the facts, but he did stipulate that he had a conviction for a prior predicate offense within one year as described in R.C. 4511.20(B). Moreover, the State also alleged that appellant stipulated to the prior offense as part of its explanation of circumstances. The trial court then used appellant's stipulation to that fact in addition to the rest of the State's explanation in finding appellant guilty of elevated reckless operation.

{¶ 20} Because the record contains an explanation of circumstances sufficient to support the trial court's finding of guilt on fourth-degree misdemeanor reckless operation, appellant's second assignment of error is found not well-taken.

12.

## B. Ineffective Assistance of Counsel

{¶ 21} Appellant's third assignment of error asserts that appellant's trial counsel was ineffective for failing to object to the trial court's findings of guilt as to both offenses. Because we have found appellant's first assignment of error well-taken and have determined that his conviction for failure to stop after an accident on a public roadway or highway must be vacated, trial counsel's effectiveness as to this offense is moot. *See State v. Haskins,* 2026-Ohio-19, ¶ 82 (6th Dist.) (holding that an assignment of error alleging ineffective assistance of counsel is moot where the appellate court finds the assignment of error that is the basis of the claim for ineffective assistance well-taken). As to the reckless operation offense, as discussed above, the explanation of circumstances was sufficient to support the trial court's finding of guilt, and therefore trial counsel was not ineffective for failing to object. *See State v. Griffin*, 2021-Ohio-3137, ¶ 20 (6th Dist.) (finding trial counsel was not ineffective for failing to object to trial court order where appellate court concluded the order was not in error). Accordingly, appellant's third assignment of error is not well-taken.

## IV. Conclusion

{¶ 22} We vacate in part and affirm in part the July 28, 2025 judgment of the Perrysburg Municipal Court. Appellant's first assignment of error is found well-taken, and we vacate appellant's conviction for failure to stop after an accident on a public roadway in violation of R.C. 4549.02; vacate the 180-day prison term, two years of probation, 12-month license suspension, fine, and costs imposed as his sentence for that

13.

conviction; and discharge him from further prosecution on that offense.  Appellant's

second and third assignments of error are found not well-taken, and his conviction for

reckless operation is affirmed.  Appellant and the State are ordered to split the costs of

this appeal pursuant to App.R. 24.

Judgment reversed in part and affirmed in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.